In the Matter of the Arbitration between BLENDS, INC., a DIVISION OF ATHLONE INDUSTRIES, INC., Respondent, and SCHOTTLAND MILLS, INC., Respondent.

In the Matter of the Arbitration between SCHOTTLAND MILLS, INC., Respondent, and TEXTILES-INCORPORATED, Appellant.

First Department, December 24, 1970.

*Joseph H. Levie* of counsel (*Harold H. Hoffman* with him on the brief; *Rathheim, Hoffman, Kassel & Silverman,* attorneys), for appellant.

*David Sklaire* of counsel (*Frederic P. Houston* and *Melvin Liebowitz* with him on the brief; *Otterbourg, Steindler, Houston & Rosen, P. C.,* attorneys), for Schottland Mills, Inc., respondent.

*Per Curiam.* Textiles, a spinner of yarn, sold quantities of yarn to Schottland Mills, Inc. (Schottland) a weaver, which in turn sold to Blends, Inc. (Blends) a textile converter. All shipments by Textile to Schottland were completed by the end of February, 1969. In February, 1969, after Blends received and processed the greige goods woven by Schottland from Textiles' yarn, Blends complained of slubs, a defect in the yarn. Textiles took back approximately 40,000 pounds of yarn and on March 19, 1969, issued a full credit therefor to Schottland. Textiles did take the position expressed in the contracts that it would assume no responsibility for yarn which had been woven or processed.

Sometime in March, 1969 Blends forwarded chargebacks to Schottland for some of the goods purchased from Schottland and on May 5, 1970 Blends served its "Demand for Arbitration." May 22, 1970, Schottland served its "Demand for Arbitration" upon Textiles contending, *inter alia,* that if it were liable to Blends, Textiles would be liable to it.

Each of the contracts between Textiles and Schottland contained valid agreements for arbitration. Additionally, such contracts provided for written notice of claims within 10 days of delivery, excluded claims after yarn was dyed, woven, knitted and processed, and provided that any action of any kind by the buyer against the seller must be commenced "within one (1) year from the date the right, claim, demand or cause of action shall first occur." There was no warranty by Textiles of fitness for any particular purpose and only a representation that the yarn delivered was free from any claim of right by any third person against the seller. In its answer to Schottland's demand for arbitration Textiles noted and pleaded all of the foregoing.

On June 17, 1970 Schottland moved to consolidate the arbitration proceeding between Blends and Schottland with that commenced by Schottland against Textiles. On June 30, 1970 Textiles cross-moved pursuant to CPLR 7502 (subd. [b]) and 7503 (subd. [b]) for a stay of the arbitration commenced by Schottland against it on the ground that such arbitration would have been time barred had it been asserted in a court of this State. Textiles' motion was denied and Schottland's motion to consolidate was granted. Thereafter Textiles took this appeal from the judgment entered thereon.

The judgment should be reversed. The parties, dealing at arm's length, were perfectly free to agree upon a period of limitation within which to bring an action for breach of contract of sale, especially where, as here, the period is reduced to not less than one year (Uniform Commercial Code, § 2–725, subd. [1]). And the cause of action for the breach, if such there was, accrued when the breach occurred " regardless of the aggrieved party's lack of knowledge of the breach " (supra, § 2–725, subd. [2]). Textiles had every right to raise the one-year limitation in its answer to the demand and to assert the limitation as a bar to arbitration in its application to the court (CPLR 7502, subd. [b] ; see, Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.15; cf. Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36). The limitation of time here provided was not so short as to be unreasonably harsh and therefore unenforceable. Nor does it appear that the exclusion of claims after dyeing, weaving or processing was unfair under the circumstances here present. Moreover, Schottland was aware of the slubby condition of the yarn, or some of it, well before the expiration of one year.

In light of our disposition herein, staying arbitration, Schottland's application for consolidation is denied as academic.

Judgment entered August 10, 1970 (FRANK, J.) should be reversed on the law and the motion of Textiles to stay arbitration against it granted, with costs and disbursements to appellant.

STEVENS, P. J., CAPOZZOLI, NUNEZ, McNALLY and STEUER, JJ., concur.

Judgment, Supreme Court, New York County, entered on August 10, 1970, unanimously reversed, on the law, respondent-appellant's motion to stay arbitration granted, and Schottland's motion for consolidation denied as academic. Appellant shall

recover of claimant-respondent Schottland $50 costs and disbursements of this appeal.