■ In the Matter of the Arbitration between AVONDALE MILLS, Appellant, and MAJESTIC CARPET MILLS, INC., A DIVISION OF CELOTEX CORP., Respondent.—Judgment, Supreme Court, New York County, entered April 4, 1977, denying petitioner's application to stay arbitration, unanimously reversed, on the law, and vacated, the petition granted, and the arbitration demanded by notice dated September 9, 1976 permanently stayed, with $40 costs and disbursements to appellant. Avondale Mills sold certain textile goods to Majestic Carpet Mills, Inc. The contracts entered into between the parties each provided for arbitration of any disputes between the parties. There was an additional clause limiting the time within which arbitration could be brought. That clause stated: "16. LIMITATION OF RIGHT TO ARBITRATE OR CONSOLIDATE: Any claim by Buyer of any kind, nature or description is barred and waived unless Buyer institutes arbitration proceedings within one (1) year after yarn was delivered or contracted to have been delivered. The failure to institute arbitration proceedings within this period shall constitute an absolute bar to the institution of any arbitration or other proceedings by Buyer and a waiver of all claims on Buyer's part. Except in those cases where Buyer has resold the yarn in the same unopened package as received from Seller, no consolidation or arbitration of disputes between it and Seller shall take place with the arbitration of disputes which Buyer may have with its customer." All of the contracts in question were dated January 18, 1973 and all deliveries by Avondale on these contracts were completed during 1973. Arbitration was sought by Majestic by service of a demand for arbitration dated September 9, 1976. Avondale petitioned for a permanent stay of arbitration based upon the bar of the contractual time limitation. Special Term denied the stay reasoning that issues of compliance with contractual time limitations (as opposed to compliance with a statutory time limit) are to be determined by the arbitrator. We would reverse and grant the stay of arbitration. CPLR 7502 (subd [b]) provides that a party may assert a limitation of time as a bar to arbitration on an application to the court if "the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state". We find no support for a distinction to be drawn between contractual and statutory limitations of time, and the applicability of either type of limitation as a bar to arbitration is a preliminary issue for court determination (see Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 674, and cases cited thereat regarding statutory limitations and see Matter of Blends, Inc. [Schottland Mills], 35 AD2d 377, affd 29 NY2d 575, regarding contractual limitations). In the case at bar, final delivery took place in 1973 and the demand for arbitration was served in 1976. Since there was no compliance with the contractual limitation of time, a stay of arbitration should have been granted. Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.