OPINION OF THE COURT
Jasen, J.
Upon this appeal, the issue posed for our consideration is whether the commercial arbitration agreement to which the parties have subscribed contains an express condition precedent to the submission of a dispute to arbitration, such that the question of compliance with that condition constitutes a threshold inquiry for judicial resolution, rather than a matter of procedural arbitrability falling within the prerogative of the arbitrator.
Appellant United Nations Development Corp., a nonprofit public benefit corporation, undertook the construction of office space, hotel accommodations and other facilities for the United Nations Community, including a 39-story combination hotel and office building. Respondent Norkin Plumbing Co. successfully bid on the subcontract to perform the plumbing work on the proposed building. The resulting contract provided for the completion by respondent of all the necessary plumbing work for the building in accordance with a construction schedule designed to ensure occupancy in August of 1975. As is often the case, however, delays occurred impeding respondent’s performance to the point where the necessary plumbing installations were not completed until June of 1976.
As a consequence of these delays — delays which it attributed to appellant — respondent served a demand for arbitration before the American Arbitration Association on August 24, 1976. Appellant commenced this proceedng to stay arbitration on the ground that the demand was not made within 60 days after the claim arose, as provided by the contract. Thereafter, respondent served a cross motion to compel arbitration.
Supreme Court, New York County, dismissed appellant’s petition to stay arbitration and granted respondent’s cross motion to compel arbitration holding that the timeliness of the demand for arbitration presented a question to be deter *362 mined by the arbitrator. The Appellate Division, First Department, unanimously affirmed, without opinion.
We hold that the contractual limitation upon the time within which a demand for arbitration was required to be filed does not constitute an express condition precedent permitting threshold judicial resolution of the question of compliance, but, rather, constitutes a matter of procedural arbitrability to be determined by the arbitrator.
At the center of this dispute lies paragraph 7.10.2 of article 7 of the parties’ agreement, which provides, inter alia, that a "demand for arbitration shall be made within 60 days after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.” The 60-day demand requirement was included in the construction contract by way of modification of the standard form contract used by the parties: namely, the "General Conditions of the Contract for Construction” formulated by the American Institute of Architects. Prior to the parties’ inclusion of a 60-day demand requirement, the standard form contract provided for the filing of a notice of demand to arbitrate within a "reasonable time” after the claim arose, as limited peripherally by the applicable Statute of Limitations.
In the courts below, appellant has maintained that paragraph 7.10.2 of the parties’ agreement constitutes a condition precedent, clear and unambiguous in its meaning, permitting judicial resolution of the timeliness of respondent’s filing of a notice of demand to submit their dispute to arbitration. In rebuttal, respondent has argued that this contractual limitation upon the time within which to demand arbitration is ambiguous, and, therefore, its meaning and respondent’s compliance with its mandate should be left to the arbitrator. In our view, the parties have misperceived the issue by focusing their attention entirely upon the clarity or ambiguity of the condition precedent to arbitration contained in their agreement. In so doing, they have overlooked a far more primary question: that is, whether the condition imposed by their agreement is an express or implied condition precedent. In our opinion, this distinction is crucial to an appropriate analysis of the instant case.
 Our analysis begins, as it must, with CPLR 7503 (subd *363 [b]), which delineates the narrow scope of threshold judicial inquiry permissible upon an application to stay arbitration. In addition to determining whether there exists a valid agreement between the parties, the court may also determine whether the agreement has been complied with and whether the claim raised is barred by the applicable Statute of Limitations. (See CPLR 7502, subd [b]; see, generally, Siegel, New York Practice, § 590.) Of simplest resolution is the case in which the parties to an arbitration agreement are bound not by a contractual limitation to the submission of a claim to arbitration, but by the applicable Statute of Limitations. In such a case the timeliness of a demand for arbitration presents a question for judicial determination. (See, e.g., Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 673-674.)
Similarly, where there exists a statutory condition precedent, as distinguished from a Statute of Limitation, compliance with that condition also falls within the threshold jurisdiction of the court. Typical of this case is Matter of Board of Educ. (Wager Constr. Corp.) (37 NY2d 283), in which we held that section 3813 of the Education Law, requiring timely service of a notice of claim upon boards of education against which a party alleges the existence of a claim, constitutes a condition precedent to arbitration, the fulfillment of which is a question for the court. (Id., at p 289; see Matter of Board of Educ. [Heckler Elec. Co.], 7 NY2d 476; Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], 45 AD2d 85.)
Unlike statutory conditions precedent, however, contractual conditions precedent are not governed by a rule given to so facile an application. Of critical importance in this area is the nature of the arbitration agreement: that is, whether it contains a broad or narrow arbitration clause. Where the agreement contains a broad clause, compliance with contractual notice provisions as well as time requirements in the grievance procedure are issues to be determined by the arbitrator. (Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d, at pp 288-289, supra.) This is so whether the arbitration involves a commercial transaction or a collective bargaining agreement. (See id., at p 289, citing Matter of Novelty Fabrics Corp. [Lawrence J. Fink, Inc.], 1 AD2d 949, affd 2 NY2d 894 [commercial transaction]; Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School *364 Teachers Assn.], 35 NY2d 599; Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380 [collective bargaining agreements].) To be distinguished, however, is the narrow arbitration clause in which the parties have indicated their desire to withhold from the arbitrator full power to resolve all aspects of their disputes. When faced with a clause of this nature on an application to stay arbitration, courts have on occasion retained jurisdiction to determine whether there has been compliance with a condition precedent to submission of a claim to arbitration. (See, e.g., Matter of Blends, Inc. [Schottland Mills], 35 AD2d 377, affd 29 NY2d 575; Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.], 29 AD2d 773.)
Returning to a discussion of broad arbitration clauses, we must note that the rule providing for resolution by the arbitrator of questions of compliance with conditions precedent is not without exception. Notwithstanding the existence of a broad arbitration clause, compliance with contractual limitations, expressly made conditions precedent to arbitration by the parties’ agreement, is a question for threshold judicial resolution. (See, e.g., Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274; Matter of Wilaka Constr. Co. [New York City Housing Auth.], 17 NY2d 195.)
Significantly, in the present case the agreement of the parties contains a broad arbitration clause, providing for arbitration of "all claims, disputes, and other matters in question arising out of, or relating to, this Contract or the breach thereof’.* Noticeably absent from paragraph 7.10.2 of the agreement, the contractual limitation at issue here, is any language making the provisions of that paragraph an express condition precedent to submission of a claim to arbitration. Consequently, the question of compliance with the conditions contained in that paragraph must be determined by the arbitrator, rather than by the court.
In this regard, any reliance upon our decision in Pearl St. Dev. Corp. v Conduit & Foundation Corp. (41 NY2d 167) is misplaced. In Pearl St., we reiterated the general rule that *365 compliance with express conditions precedent is a question for judicial resolution. However, we noted that, unlike the usual case where the issue before the court is compliance with express conditions precedent, Pearl St. presented a more primary threshold inquiry: whether the express conditions precedent were made a part of the contract between the parties. This initial question arose because of the existence of two contracts governing the rights and obligations of the parties: a contract between the litigating parties — prime contractor and subcontractor — containing a broad arbitration clause lacking any conditions precedent and a contract between the prime contractor and the owner containing a broad arbitration clause limited by express conditions precedent. A question of interpretation resulted because of the presence of a clause in the subcontract in which the parties agreed to be bound by the terms of the general contract. As a result, it was unclear whether the conditions precedent contained in the general contract, although express, applied to the arbitration of claims alleged by the subcontractor against the prime contractor. In light of the broad arbitration clause contained in the subcontract, we concluded that this issue, like any other issue of construction or interpretation, should be determined by the arbitrator. (Id., at p 171.)
For the above-expressed reasons, we agree that appellant’s application for a stay of arbitration was correctly denied, but not because the condition precedent was ambiguous, as found by Supreme Court, but, rather, because it was not expressly made a condition precedent to arbitration.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 Specifically, the clause provides: "Except as otherwise provided in the Agreement, all claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect’s decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payments as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise”.