*787 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The parties entered into a lease which requires the tenant to pay a fixed rent and an additional amount representing a percentage of the increase in operating expenses. The lease provides that the landlord is obligated to furnish the tenant with statements relating to this additional rent and further provides as follows:
“The statements thus furnished to Tenant shall constitute a final determination as between Landlord and Tenant of real estate taxes and Expenses for the periods represented thereby, unless Tenant within thirty (30) days after they are furnished shall give a written notice to Landlord that it disputes their accuracy or their appropriateness, which notice shall specify the particular respects in which the statement is inaccurate or inappropriate.
* * *
“Any such dispute shall be resolved by arbitration”.
It is conceded that the landlord furnished the statements as required by the contract, but that the tenant did not give the landlord written notice of dispute within 30 days after the landlord furnished the statements. Nevertheless, the tenant subsequently demanded arbitration and when the landlord moved to stay arbitration for failure to give the notice within the time prescribed, the tenant raised a number of issues regarding the motion and further claimed that these issues were for the arbitrator.
The trial court denied the motion to stay but the Appellate Division reversed.
We have previously noted that the critical question in such cases is whether the arbitration clause is broad or narrow (Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 363-364). Although a broad arbitration clause will generally be deemed to reserve for the arbitrator all questions regarding compliance with time restrictions for demanding arbitration, that is not true where parties have chosen a narrow clause limiting the arbitrator’s powers to a particular dispute. Here it is clear that the parties have employed a narrow clause limiting the arbitrator to deciding substantive disputes commenced within the time fixed by the contract. Thus the Appellate Division correctly held that any dispute concerning the *788 tenant’s compliance with that time restriction should be decided by the courts.
On the merits we agree with the Appellate Division, for the reasons stated in its memorandum, that the tenant’s demand was untimely and that arbitration should be stayed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed, with costs, in a memorandum.