■ CHANRY COMMUNICATIONS, LTD., et al., Appellants, v CIRCULATION MANAGEMENT, INC., et al., Respondents.—In a proceeding pursuant to CPLR 7503 (b) to prevent the joinder of the petitioners as respondents in an American Arbitration Association proceeding entitled *Circulation Mgt. v CBA Indus.,* the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Christ, J.), dated May 12, 1989, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioners Chanry Communications, Ltd. (hereafter

Chanry) and Pennysaver Home Distribution Corporation (hereafter Pennysaver) contend, on appeal, that the Supreme Court erred in denying their petition to prevent this joinder in arbitration because it overlooked the fact that the agreement between the parties has not been complied with, thereby precluding arbitration. We disagree. Whether an arbitration agreement has been complied with is 1 of the 3 threshold questions, on a motion or in a proceeding to stay arbitration, to be resolved by the courts *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 8-11; *Avon Prods. v Solow,* 150 AD2d 236; *Matter of Hudson Watch Assocs. v H.F.S. Elec.,* 134 AD2d 352). The Court of Appeals has made a sharp distinction between conditions precedent *to* arbitration, for example, where the parties agreed that the dispute must first be submitted to a specified authority for determination, or where contractual limitations are expressly made conditions precedent to arbitration by the terms of the arbitration agreement, and conditions *in* arbitration, i.e., procedural regulations to be observed in the conduct of the arbitration process itself. The former fall within the judicial ambit, whereas "questions as to whether there has been compliance with such procedural regulations and, if not, what the consequences shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding" *(Matter of County of Rockland [Primiano Constr. Co.], supra,* at 8). In the instant case, the noncompliance at issue involved such procedural regulations and should be resolved by the arbitrator. Accordingly, we find that the Supreme Court properly dismissed the proceeding. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.