In the Matter of NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant, v COMPUTER SCIENCES CORPORATION, Respondent.

The subject agreement contains a broad arbitration provision requiring that "[a]ny dispute of fact between the parties

* * * be submitted to the American Arbitration Association". The arbitration section of the agreement also provides, however, that "[a]rbitration procedures may not be initiated by the Contractor unless the procedures set forth in 7.2, 7.5, and 9.14 have been complied with". Section 7.5 of the agreement contains detailed provisions for the submission of claims, including requirements that written notices of claim be submitted within sixty days "from the occurrence for which the claim is submitted"; that any claim for equitable adjustment on account of delays "must be accompanied by a *revised network analysis* progress schedule"; and that "no claim for which a notice of potential claim is required will be considered unless the Contractor has complied with the notice requirements of 7.4 NOTICE OF POTENTIAL CLAIM" (underscoring in original). Petitioner contends that respondent failed to comply with the claim and notice requirements of the contract, and that, as a result, respondent is precluded from seeking arbitration.

Ordinarily, where there is a broad arbitration clause, the question of compliance with contractual notice provisions is for the arbitrator to decide *(see, Matter of City School Dist. [Poughkeepsie Pub. School Teachers Assn.],* 35 NY2d 599, 607; *Matter of City of Albany [Pomakoy],* 142 AD2d 775, 776, *lv denied* 73 NY2d 870). However, where the agreement expressly states that compliance with the contractual notice provision is a condition precedent to arbitration, the question of compliance is for the court to decide *(see, Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 364; *Matter of Raisler Corp. [New York City Hous. Auth.],* 32 NY2d 274, 282; *Matter of Wilaka Constr. Co. [New York City Hous. Auth.],* 17 NY2d 195; *Chanry Communications v Circulation Mgt.,* 156 AD2d 633). In the instant matter, the agreement expressly states that compliance with the claim and notice requirements of the agreement is a condition precedent to the initiation of arbitration procedures. Under the circumstances, Supreme Court should have conducted a hearing to resolve the factual issues concerning compliance *(see, Matter of Frouge Corp. [New York City Hous. Auth.],* 26 AD2d 269, 272). (Appeal from Order and Judgment of Supreme Court, Erie County, Mintz, J.—Arbitration.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.