In the Matter of the Arbitration between PETER T. KACHRIS, as District Superintendent, et al., Appellants, and KRISTIN B. STERLING, as President of Orleans-Niagara Board of Cooperative Educational Services Teachers' Association, et al., Respondents. [659 NYS2d 649] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied the petition for a stay of arbitration. Petitioners, the District Superintendent and Board of Cooperative Educational Services of Orleans and Niagara Counties, sought a stay of arbitration on the ground that respondents, the Orleans-Niagara Board of Cooperative Educational Services Teachers' Association and its President, failed to comply with a condition precedent to arbitration by filing the subject grievance within the time requirement specified in section 7.04 of the collective bargaining agreement. Section 7.04 provides that "[n]o alleged grievance shall be entertained and [any alleged grievance] shall be deemed waived unless presented at the first available stage within thirty (30) days after the aggrieved party knew or should have known of the act or conditions on which the alleged grievance is based."

We agree with petitioners that whether the time requirement set forth in a contract is a condition precedent to arbitration is a threshold issue for the court to determine (*see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 5; *Matter of Niagara Frontier Transp. Auth. v Computer Sciences Corp.,* 179 AD2d 1037).

Where, as here, an agreement contains a broad arbitration clause (*see, Board of Educ. v Barni,* 49 NY2d 311), a time requirement for commencement of the grievance and arbitration process is deemed a "condition in arbitration" (*Matter of*

*County of Rockland [Primiano Constr. Co.], supra,* at 9). Whether the aggrieved party has complied with that condition is a matter for the arbitrator to determine unless the agreement expressly provides that compliance with the time requirement is a condition precedent to arbitration (*see, Matter of County of Rockland [Primiano Constr. Co.], supra,* at 9; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 363-364). The agreement does not expressly provide that the time requirement stated in section 7.04 is a condition precedent, and the language of section 7.03 of the agreement indicates that the time requirement of section 7.04 is designed to expedite the arbitration process and, thus, is a "condition in arbitration." We conclude, therefore, that the issue of compliance with the time requirement for filing a grievance is for the arbitrator to determine (*see, Matter of County of Rockland [Primiano Constr. Co.], supra; Matter of Town of Newburgh v Civil Serv. Empls. Assn.,* 204 AD2d 464, *lv denied* 84 NY2d 809; *Matter of Village of Saranac Lake [Schickel Gen. Contr.],* 154 AD2d 855, *lv denied* 75 NY2d 707). (Appeal from Order and Judgment of Supreme Court, Orleans County, Gorski, J.— Arbitration.) Present—Denman, P. J., Green, Lawton, Balio and Fallon, JJ.