■ In the Matter of MAURICE DALTON, as Superintendent of York Central School District, et al., Respondents, v PAUL SCHNEIDER, as President of York Teachers' Association, et al., Appellants. [667 NYS2d 523] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum:

Supreme Court erred in granting the petition for a stay of arbitration. Petitioners, Maurice Dalton, Superintendent, York Central School District, and York Central School District, sought a stay of arbitration on the ground that respondents, York Teachers' Association and its president, failed to file the subject grievance within the time requirement specified in section 6.01.3 of the collective bargaining agreement. Section 6.01.3 (A) provides in relevant part that "[t]he aggrieved person shall orally present his/her grievance within fifteen (15) working school district business days * * * after the grievant knew or should have known of the events giving rise to the grievance". It also provides that, because "it is important that grievance [sic] be processed as rapidly as possible, the number of days indicated at each level should be considered as a maximum and every reasonable effort shall be made to expedite the process".

Whether the time requirement set forth in the agreement is a condition precedent to arbitration or a mere condition is a threshold issue for the court to determine (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 5; *Matter of Niagara Frontier Transp. Auth. v Computer Sciences Corp.*, 179 AD2d 1037). If the court determines that it is a condition precedent, whether the condition has been met is also an issue for the court to determine. Where, however, the agreement contains a broad arbitration clause (*see, Board of Educ. v Barni*, 49 NY2d 311), a time requirement for commencing the grievance and arbitration process is deemed a "condition in arbitration" (*Matter of County of Rockland [Primiano Constr. Co.], supra*, at 9; *see, Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 363-364), and whether the condition has been met is an issue for the arbitrator to determine.

This agreement does not explicitly state that the 15-day time requirement set forth in section 6.01.3 is a condition precedent. Indeed, time requirements are set forth for each stage of the grievance process, and it is only in the last subpart of the miscellaneous section of article 6 at section 6.01.5 (E), that the agreement provides that "[i]t is understood that the time limits stated at all levels of the grievance process shall be the maximum amount of time either party has to respond within that step of the procedure."

We conclude that the time requirements under article 6 of this agreement are part of the procedural prescription for management of the grievance process and, therefore, that the issue of compliance with the time requirement for filing a griev-

ance is for the arbitrator to determine (*see, Matter of County of Rockland [Primiano Constr. Co.], supra; Matter of Kachris [Sterling]*, 239 AD2d 887). (Appeal from Order of Supreme Court, Livingston County, Bergin, J.—Arbitration.) Present— Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.