■ THE INTERPUBLIC GROUP OF COMPANIES, INC., Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant, and GREAT AMERICAN INSURANCE COMPANY, Appellant. [779 NYS2d 78]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about May 28, 2003, which, insofar as appealed from, granted plaintiff insured's motion to compel defendant-appellant excess insurer to arbitrate plaintiff's claims under its policy and an underlying fidelity insurance policy issued by defendant primary insurer, and bringing up for review, pursuant to CPLR 5517 (b), an order, same court and Justice, entered October 29, 2003, which denied the excess insurer's motion to renew, unanimously affirmed, with costs.

We reject the excess insurer's argument that it was a condition precedent to arbitration that the insured and primary insurer share the cost of the investigative specialist selected by the insured from the list of investigative specialists contained in the endorsement attached to the primary policy. The insured did exactly what the primary policy required by choosing from the list an investigative specialist who did not present a clear conflict of interest. Absent clear language in the policy making cost-sharing, or independence, conditions precedent to arbitration, we decline to hold that the insured waived its right to arbitration by paying 100% of the investigative specialist's fee (*see Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 362, 364, 365 [1978]). The motion to renew was properly denied for failure to reasonably explain why the new evidence was not presented on the prior motion (CPLR 2221 [e] [3]). We have considered the excess insurer's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.