OPINION OF THE COURT
Loras C. Benza, J.
*422 Respondent moves to dismiss petitioner’s CPLR article 75 application staying a demand for an arbitration hearing and dismissing charges against petitioner. Petitioner’s application is based on respondent’s failure to comply with certain provisions of the parties’ collective bargaining agreement.
Petitioner is employed as a correction officer for respondent. After a December 2003 arrest, petitioner received a notice of discipline. As a result, petitioner was dismissed from service and thereafter demanded an arbitration hearing. The hearing was scheduled for March 29, 2004. Subsequently, a representative of respondent contacted petitioner’s attorney and sought an adjournment of the hearing date. Upon the refusal of petitioner’s counsel, and after a telephone conference with the arbitrator, the arbitrator granted an adjournment of the March 2004 hearing through April 23, 2004. Subsequently, respondent contacted petitioner’s counsel for a list of proposed dates to conduct the hearing. Petitioner thereafter commenced this proceeding contending the postponement of the arbitration hearing violated articles 8.2 (f) and 8.8 (a) of the parties’ collective bargaining agreement.
Respondent now moves to dismiss petitioner’s application for failure to state a cause of action. Namely, respondent argues that petitioner did not seek an expedited hearing pursuant to article 8.8 (a) and, in any event, the adjournment was a procedural matter for resolution by the arbitrator.
Here, the record does not indicate that petitioner requested an expedited hearing pursuant to article 8.8 (a). There is no dispute, however, that article 8.2 (f) of the parties’ collective bargaining agreement provides that arbitration hearings may not be rescheduled without the mutual consent of the parties, and that this provision was breached. This notwithstanding, the court finds that it was not the intent of the provision that this breach, by itself, would constitute a defense to petitioner’s termination. Rather, the court finds that the provision is intended to prevent prejudice to employees and, here, the court discerns no prejudice to petitioner from the adjournment of the hearing. Petitioner did not attempt to enforce his rights by appearing on the arbitration date nor does he allege that he has lost witnesses or evidence as a result of the adjournment. Moreover, as a final matter, the court determines that the provision of the parties’ collective bargaining agreement regarding adjournments is not a condition precedent for determination by the court, but, rather, a matter of procedure for the arbitrator *423 to determine (see, Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1 [1980]). As such, petitioner’s application fails to state a cause of action.
Accordingly, petitioner’s application is dismissed.