■ In the Matter of Arbitration between ATIBA STEVENSON, Appellant, and STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [801 NYS2d 632]—

Peters, J. Appeal from an order of the Supreme Court (Benza, J.), entered August 17, 2004 in Albany County, which, in a proceeding pursuant to CPLR 7503 to stay arbitration between the parties, granted respondent's motion to dismiss the petition.

Petitioner, a correction officer, was arrested on December 30, 2003 and a notice of discipline was served on him the following day. He filed a disciplinary grievance and, when it was not satisfactorily resolved at the agency level, requested arbitration. The arbitrator was appointed on February 17, 2004 and scheduled a hearing for March 29, 2004. Thereafter, respondent requested petitioner to consent to the postponement of the hearing, but petitioner refused. Following a conference call with the parties, the arbitrator granted respondent's request to postpone

the hearing until sometime after April 23, 2004. On April 28, 2004, respondent contacted petitioner to ascertain his availability to attend the postponed hearing. Petitioner, in turn, commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration and dismiss the charges against him. Respondent moved to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion, resulting in this appeal.

Petitioner asserts that the postponement of the hearing without his consent constituted a breach of paragraph 8.2 (f) of the parties' collective bargaining agreement, thereby entitling him to a permanent stay of arbitration, dismissal of the disciplinary charges and reinstatement to his position. The subject provision, which appears under the article entitled discipline, states, in pertinent part, that "[a]rbitration hearings may not be rescheduled without mutual consent of the parties." It is not a condition precedent to arbitration, but rather is in the nature of a "procedural stipulation[ ] that the parties . . . have laid down to be observed in the conduct of the arbitration proceeding itself" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8 [1980]; *see Matter of Dalton v Schneider*, 245 AD2d 1101, 1102 [1997]; *Matter of Town of Queensbury [Joseph R. Wunderlich, Inc.]*, 175 AD2d 946, 948 [1991]; *cf. Matter of Town of Ticonderoga [United Fedn. of Police Officers, Inc.]*, 15 AD3d 756 [2005]). As such, whether this provision has been violated and the consequences that flow therefrom are matters for the arbitrator to resolve (*see Matter of County of Rockland [Primiano Constr. Co.]*, supra at 8; *Matter of Dalton v Schneider*, supra at 1102; *Matter of Town of Queensbury [Joseph R. Wunderlich, Inc.]*, supra at 948). Accordingly, we find that Supreme Court properly dismissed the petition.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 5 Misc 3d 421.]