SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1461**
**CA 12-01015**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
LIVINGSTON COUNTY, PETITIONER-APPELLANT,

AND                                         MEMORANDUM AND ORDER

CIVIL SERVICE EMPLOYEES ASSOCIATION, INC.,
LOCAL 1000, AFSCME, AFL-CIO, LIVINGSTON
COUNTY EMPLOYEES LOCAL 826 AND LIVINGSTON
COUNTY EMPLOYEES UNIT, RESPONDENTS-RESPONDENTS.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (DAVID W. LIPPITT OF COUNSEL),
FOR PETITIONER-APPELLANT.

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

--------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Livingston County (William P. Polito, J.), entered February 3, 2012 in a proceeding pursuant to CPLR article 75.  The order denied the petition to stay arbitration.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is granted.

Memorandum:  Petitioner appeals from an order denying the petition to stay arbitration in this CPLR article 75 proceeding. Petitioner and respondents are parties to a collective bargaining agreement (CBA) and were involved in a grievance that proceeded through various steps in the grievance process and ultimately resulted in petitioner's denial of the grievance by a written decision issued on October 4, 2011.  Respondents gave petitioner notice of intent to submit the grievance to arbitration by letter dated October 27, 2011, which was received by the Livingston County Administrator on October 28, 2011.

Pursuant to article 24, section 1 of the CBA, "[c]ompliance with the time limits for submitting a notice of intent to arbitrate . . . shall be a condition precedent to arbitration.  Failure to submit a notice of intent to submit a grievance to arbitration . . . shall thus bar the grievance from proceeding to arbitration."  That section further provides that respondents must notify petitioner of their intent to submit a grievance to arbitration no later than 15 working days after a written decision was issued at the second step of the

grievance process.  Petitioner sought a stay of arbitration based on respondents' failure to comply with that notice requirement, and Supreme Court denied the petition.  That was error.  Although the CBA here contains a broad arbitration agreement, the CBA also contains an express provision establishing the condition precedent at issue (*see Matter of Kachris [Sterling]*, 239 AD2d 887, 887-888; *see also Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7-8).  Where, as here, the condition precedent is expressly made part of the CBA, the issue of compliance with the condition is for the court in the first instance (*see Matter of Raisler Corp. [New York City Hous. Auth.]*, 32 NY2d 274, 279).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court