■ JOHN A. NOLAN III, Appellant, v DYNCORP INTERNATIONAL LLC, Respondent. [968 NYS2d 494]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered October 19, 2012, which granted the motion of defendant DynCorp International LLC (DynCorp) to compel arbitration of plaintiff's second cause of action and stay the proceeding pursuant to CPLR 7503, unanimously affirmed, with costs.

The parties' stock purchase agreement contains an arbitration clause which provides that disputes regarding a contingent payment that was to be made by defendant purchaser to plaintiff seller if the company purchased by defendant met certain financial targets for 2010 shall be submitted for arbitration to a mutually acceptable independent accounting firm for a determination resolving such amounts and issues. "Where the agreement contains a broad clause, compliance with contractual notice provisions as well as time requirements in the grievance procedure are issues to be determined by the arbitrator" (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 363-364 [1978]).

Plaintiff contends that defendant waived its right to arbitrate the disputed contingent payment by defending itself in this litigation. Approximately one year after plaintiff commenced this

action, the parties settled the litigation with respect to count I of the complaint which was not arbitrable and defendant amended its answer to remove the affirmative defenses relating to count I and reflect its position that the parties should arbitrate count II. Although the parties had previously exchanged requests for document production, and defendant agreed to exchange documents relative to the contingency payment, no documents were exchanged, except for documents previously produced by defendant in a separate litigation regarding the contingent payment to one of plaintiff's former partners.

Defendant's defensive actions before the motion court do not support a finding of a waiver of arbitration (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 273 [1985]). Defendant's agreement to produce documentation related to its affirmative defenses, i.e., that plaintiff fraudulently induced the purchase price of the company for an excessive sum, and "[i]n addition to the weighty purchase price, a small number of former Phoenix employees were also entitled to a revenue-based contingent payment if certain revenue targets were met during 2010 (the 'Contingent Payment')," did not involve litigating the merits of the disputed contingent payment (*see De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]).

Further, settling count I and arbitrating count II has not been prejudicial to plaintiff (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 67 [2007] [finding no waiver based on defendant's limited participation in litigation absent demonstrable prejudice to opposing party]), and it was in the interest of judicial economy that defendant waited until the nonarbitrable claim was settled before moving to arbitrate the arbitrable one. Concur—Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.