▆ In the Matter of the Arbitration between TOWN OF GREECE, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 828, AFSCME, AFL-CIO, Respondent. [60 NYS3d 901]—

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered September 8, 2016 in a proceeding pursuant to CPLR article 75. The order, among other things, denied the petition seeking a permanent stay of arbitration and directed petitioner to hold a step two hearing within 30 days.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating that part of the order directing petitioner to hold a step two hearing within 30 days and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration

of a grievance arising from petitioner's termination of one of respondent's members. Petitioner appeals from an order that, inter alia, denied its application for a permanent stay and directed petitioner to hold a hearing pursuant to step two of the three-step grievance procedure set forth in the collective bargaining agreement (CBA) within 30 days.

Contrary to petitioner's contention, we conclude that Supreme Court properly denied petitioner's request for a permanent stay of arbitration. We agree with petitioner, however, that the court erred in directing it to hold a step two hearing, and we therefore modify the order accordingly. Contrary to the court's determination, a step two hearing is not a condition precedent to arbitration under the terms of the CBA. Where, as here, the CBA contains a broad arbitration clause and does not expressly identify any conditions precedent to arbitration, the alleged failure of a party to comply strictly with the contractual grievance procedures or time limits is not a proper ground for a stay of arbitration because such issues are to be resolved by the arbitrator (*see Matter of Kachris [Sterling]*, 239 AD2d 887, 888 [1997]; *see also Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 907 [1987]; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 363-364 [1978]). Inasmuch as a step two hearing is a permissive and not a mandatory part of the CBA's grievance and arbitration procedure, strict compliance with each step in the procedure is not a condition precedent to arbitration (*see Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.]*, 110 AD3d 1494, 1496 [2013]). Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.