Matter of Village of Manlius (Town of Manlius Professional Firefighters Assn., Iaff Local #3316) (2020 NY Slip Op 04251)





Matter of Village of Manlius (Town of Manlius Professional Firefighters Assn., Iaff Local #3316)


2020 NY Slip Op 04251


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


202 CA 19-01395

[*1]VILLAGE OF MANLIUS, PETITIONER-APPELLANT, AND TOWN OF MANLIUS PROFESSIONAL FIREFIGHTERS ASSOCIATION, IAFF LOCAL #3316, RESPONDENT-RESPONDENT. 






BOND, SCHOENECK & KING, PLLC, SYRACUSE (ADAM P. MASTROLEO OF COUNSEL), FOR PETITIONER-APPELLANT. 
GLEASON, DUNN, WALSH & O'SHEA, ALBANY (RONALD G. DUNN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 5, 2019 in a proceeding pursuant to CPLR article 75. The order and judgment dismissed the petition for a stay of arbitration. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner Village of Manlius (Village) commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration of a grievance filed by respondent, the collective bargaining representative for the employees of the Village's Fire Department. Respondent filed a grievance on behalf of a Village firefighter who was denied General Municipal Law § 207-a benefits after allegedly sustaining an injury while on duty. Supreme Court dismissed the petition to stay arbitration. The court concluded that the parties' collective bargaining agreement (CBA) governed the process with respect to the grievance and the timeliness thereof and that, while the CBA contained a condition precedent to arbitration, i.e., the timely service of a grievance, an issue for the arbitrator existed whether the parties completed steps one and two of the grievance procedure under the CBA. The Village appeals.
The Village contends that the instant dispute regarding entitlement to section 207-a benefits is not arbitrable inasmuch as the CBA does not govern such disputes and thus, the CPLR, and not the CBA, applies in determining the timeliness of the dispute. We reject that contention. "It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim" (Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.], 115 AD3d 1340, 1340 [4th Dept 2014]; see CPLR 7501; Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.], 93 NY2d 132, 142-143 [1999]). In making that threshold determination, the court must conduct a two-part analysis. First, the court must determine whether "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278 [2002]). Second, "[i]f no prohibition exists, [the court must] then [determine] whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519 [2007]; see Matter of Mariano v Town of Orchard Park, 92 AD3d 1232, 1233 [4th Dept 2012]).
With respect to the first part of the analysis, there is no statutory, constitutional or public policy prohibition against the parties agreeing to a procedure ending in arbitration to resolve grievances concerning a section 207-a benefits determination (see generally Matter of City of Watertown v State of New York Pub. Empl. Relations Bd., 95 NY2d 73, 79-81, 84-85 [2000], rearg denied 95 NY2d 849 [2000]). With respect to the second part of the analysis, we conclude that the court properly determined that the CBA contains a broad arbitration clause and that there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA (see Matter of Wilson Cent. Sch. Dist. [Wilson Teachers' Assn.], 140 AD3d 1789, 1790 [4th Dept 2016]).
We agree with the Village, however, that the CBA contains conditions precedent to arbitration within the provisions addressing the grievance procedure and that the court should have decided whether the conditions precedent had been met. "Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators," except in cases involving "a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 907 [1987]; see also Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7-8 [1980]; Matter of Triborough Bridge & Tunnel Auth. [Dist. Council 37 of Am. Fedn. of State, County & Mun. Empls., AFL-CIO], 44 NY2d 967, 969 [1978]). Here, compliance with the requirements of steps one and two of the grievance procedure and the time limitations for serving a grievance were conditions precedent to arbitration. Under these circumstances, we conclude that "it was for the court, and not the arbitrator, to decide whether the grievance[] had been timely [served] and completed by the . . . employee at steps one and two of the grievance procedure" (Matter of Town of Greenburgh [Blumstein], 125 AD2d 315, 317 [2d Dept 1986]). Therefore, we reverse the order and judgment, reinstate the petition, and remit the matter to Supreme Court for a hearing on the issue whether the conditions precedent to arbitration were met and thereafter for a new determination on the petition to stay arbitration (see Matter of Niagara Frontier Transp. Auth. v Computer Sciences Corp., 179 AD2d 1037, 1038 [4th Dept 1992]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court