Matter of Town of Amherst (CSEA Local 1000 AFSCME) (2022 NY Slip Op 00781)





Matter of Town of Amherst (CSEA Local 1000 AFSCME)


2022 NY Slip Op 00781


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1022 CA 20-01495

[*1]TOWN OF AMHERST, PETITIONER-RESPONDENT-RESPONDENT, 
and
CSEA LOCAL 1000 AFSCME, AFL-CIO, CSEA, LOCAL 1000, AFSCME, AFL-CIO, TOWN OF AMHERST LOCAL UNIT OF 815, AMHERST UNIT #6768 AND ADAM FISCHER, RESPONDENTS-PETITIONERS-APPELLANTS. 






DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (LESLIE C. PERRIN OF COUNSEL), FOR RESPONDENTS-PETITIONERS-APPELLANTS.
STANLEY J. SLIWA, TOWN ATTORNEY, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October 13, 2020 in a proceeding pursuant to CPLR article 75. The order and judgment granted the amended petition for a stay of arbitration and denied the cross petition to compel arbitration. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on law without costs, the amended petition is denied and the cross petition is granted.
Memorandum: Respondent-petitioner Adam Fischer had been employed by petitioner-respondent, the Town of Amherst (petitioner), pursuant to a collective bargaining agreement (CBA) but was terminated. Respondent-petitioner CSEA, Local 1000, AFSCME, AFL-CIO (CSEA) filed a grievance on behalf of Fischer, alleging that his employment had been terminated in violation of article 30 of the CBA. CSEA thereafter sent petitioner a notice of intent to arbitrate the grievance. In response, petitioner commenced this proceeding seeking a stay of arbitration pursuant to CPLR 7503, and CSEA cross-petitioned to compel arbitration of the grievance. Supreme Court granted the amended petition and denied the cross petition after determining that the CBA was between petitioner and respondent-petitioner CSEA, Local 1000, AFSCME, AFL-CIO, Town of Amherst Local Unit of 815, Amherst Unit #6768 (Local Unit) and thus, that no binding agreement to arbitrate existed between petitioner and CSEA. The court further determined that, even if CSEA was a party to the CBA, it failed to satisfy a condition precedent to arbitration, i.e., the timing requirements of article 30 of the CBA. We reverse.
"The Court of Appeals recognizes a two-step process for a court to determine when a particular public sector grievance is subject to arbitration" (Matter of Jefferson County [Jefferson County Local of the Civ. Serv. Empls. Assn., Inc.], 175 AD3d 997, 997 [4th Dept 2019], lv denied 34 NY3d 913 [2020] [Jefferson]; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138 [1999]). With respect to the first step, neither party "dispute[s] that there is no statutory, constitutional or public policy impediment to arbitration" (Jefferson, 175 AD3d at 998). Our analysis is therefore limited to the second step, i.e., whether "the parties have agreed to arbitrate the dispute at issue" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278 [2002]; see Jefferson, 175 AD3d at 997-998).
We conclude that the court erred in granting the amended petition and denying the cross petition on the ground that CSEA did not have an agreement to arbitrate with petitioner and thus that CSEA's notice of intent to arbitrate was a nullity. Although, generally, "only a party to an arbitration agreement is bound by or may enforce the agreement" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569 [2d Dept 2017] [internal quotation marks omitted]; see Matter of Soto [Goldman], 7 NY2d 397, 400 [1960]), the language of the CBA here establishes that CSEA was a party to that agreement.
We further conclude that the court erred in granting the amended petition and denying the cross petition on the alternative basis that CSEA failed to comply with a condition precedent to arbitration by neglecting to timely file a grievance in accordance with article 30 of the CBA. Article 30 provides that where an employee is "disciplined" by means of a suspension or termination, "[s]uch discipline may be made the subject of a grievance under the grievance procedure of this agreement, but only if such grievance is filed within five (5) days from the date of discipline" (emphasis added). Where, as here, "an agreement contains a broad arbitration clause," such a time requirement is not a condition precedent, but instead establishes the period in which to commence the grievance process generally (Matter of Kachris [Sterling], 239 AD2d 887, 887 [4th Dept 1997]). Thus, here the issue whether the grievance was timely filed "is deemed a 'condition in arbitration' " that must first be submitted to the arbitrator (id.; see also Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 363-364 [1978]; Matter of Town of Greece [Civil Serv. Empls. Assn., Inc., Local 828, AFSCME, AFL-CIO], 153 AD3d 1626, 1627 [4th Dept 2017], lv denied 31 NY3d 905 [2018]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court