Matter of Niagara Frontier Tr. Metro Sys., Inc. (Amalgamated Tr. Local Union 1342) (2026 NY Slip Op 01645)

Matter of Niagara Frontier Tr. Metro Sys., Inc. (Amalgamated Tr. Local Union 1342)

2026 NY Slip Op 01645

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

56 CA 25-00513

[*1]NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., PETITIONER-RESPONDENT, AND
andAMALGAMATED TRANSIT LOCAL UNION 1342, AND JEFFREY B. RICHARDSON, AS PRESIDENT/BUSINESS AGENT OF AMALGAMATED TRANSIT UNION LOCAL 1342, RESPONDENTS-APPELLANTS. 

BLITMAN & KING LLP, VICTOR (NOLAN J. LAFLER OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
VICKY-MARIE BRUNETTE, GENERAL COUNSEL, BUFFALO (BENJAMIN LEONARD OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered September 13, 2024, in a proceeding pursuant to CPLR article 75. The order granted the petition to permanently stay arbitration and denied the cross-petition insofar as it sought to compel arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is denied and the cross-petition is granted insofar as it seeks an order compelling arbitration.
Memorandum: In this proceeding pursuant to CPLR article 75, respondents appeal from an order that denied their cross-petition seeking, inter alia, an order compelling arbitration of a grievance arising from petitioner's termination of an employee and granted petitioner's petition seeking, inter alia, to permanently stay arbitration of the grievance. We reverse.
We agree with respondents that Supreme Court erred in concluding that two timing provisions relating to the pre-arbitration grievance process set forth in the parties' collective bargaining agreement constituted conditions precedent to arbitration. "Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, except in cases involving a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (Matter of Village of Manlius [Town of Manlius Professional Firefighters Assn., IAFF Local #3316], 185 AD3d 1501, 1503 [4th Dept 2020] [internal quotation marks omitted]; see Matter of City of Watertown [Watertown Professional Firefighters' Assn. Local 191], 152 AD3d 1231, 1233-1234 [4th Dept 2017], lv denied 30 NY3d 908 [2018]; Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.], 110 AD3d 1494, 1496 [4th Dept 2013]). Here, the collective bargaining agreement contains a broad arbitration clause, and the provisions governing the grievance process neither expressly state that they are conditions precedent to arbitration nor explicitly refer to the loss of the right to arbitrate (see City of Watertown, 152 AD3d at 1233-1234; Kenmore-Town of Tonawanda Union Free Sch. Dist., 110 AD3d at 1496; Matter of Kachris [Sterling], 239 AD2d 887, 887-888 [4th Dept 1997]; cf. Village of Manlius, 185 AD3d at 1503). The effect of any failure to comply with those provisions is thus an issue of "procedural arbitrability" for the arbitrator to resolve (City of Watertown, 152 AD3d at 1234 [internal quotation marks omitted]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court