Per Curiam.
 

 It is true that the provision of paragraph 15 (a) of the stockholders’ agreement rendering arbitrable “ the justness of a discharge ” of an employee stockholder does not literally encompass the discharge of appellant’s husband, she, and not he, being the stockholder. However, the fact of his employment “ for a period of at least two years ” preceding the death of appellant’s father was necessary to constitute petitioner “ a ‘ qualifying child ’ of a stockholder ”, and thus to enable her to purchase her father’s stock and become a party to the agreement; and her husband’s status seems so inextricably bound up with her status under paragraph 6 (b) (i) as to support her claim of an arbitrable controversy within the four corners of the agreement. This interdependency of status is
 
 *38
 
 manifested not only in her original qualification but in the questions — all subject to arbitration at her instance — which may follow the husband’s discharge, as to her continued qualification and her rights and liabilities under the agreement, including the disposition, if any, required to be made of her stock and the effectuation of the over-all intention of the original parties to the agreement respecting the protection of the family
 
 interests;
 
 and, ultimately and basically, the effect of a possibly unjust discharge as depriving her of rights otherwise accruing to her under the agreement. Thus, although the husband’s discharge did not, in and of itself, or for the benefit of the
 
 husband,
 
 bring into play the arbitration provision under paragraph 15 (a), nevertheless, under all the circumstances of this somewhat unusual agreement, it does — to quote paragraph 12 of the agreement—as respects
 
 appellant,
 
 allow for a construction that it gives rise to a “ difficulty, dispute, or misunderstanding between the parties hereto, with respect to any matter or thing arising out of
 
 or in connection with
 
 this agreement, or with respect to the interpretation of any of the provisions of this agreement, including an alleged breach of the agreement ” (emphasis supplied), entitling appellant to arbitration. The very broad limits of arbitrability envisioned in GPLR 7501, as reflected in
 
 Matter of Exercycle Corp.
 
 (Maratta) (9 N Y 2d 329), forbid any judicial interference with disputes logically connected with the agreement. To say that such disputes must arise literally and directly out of the agreement in order to be arbitrable would be to turn back to a practice of judicial control clearly forsworn in
 
 Exercycle.
 
 In
 
 Merrill Lynch, Pierce, Fenner & Smith
 
 v.
 
 Griesenbeck
 
 (28 A D 2d 99, affd. 21 N Y 2d 688), too, the broader, less literal approach was taken.
 

 In deciding, as we do, that there is here presented an arbitrable issue, we do not mean to suggest the the term “ stockholder ” in paragraph 15 (a) includes a stockholder’s husband so that the appellant may submit to arbitration the issue as to
 
 "
 
 the justness of [the husband’s] discharge ”. All we are deciding is that such a question of interpretation is for the arbitrator.
 

 The order of the Appellate Division should, to the extent appealed from, be reversed, with costs, and the matter remitted
 
 *39
 
 to the Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in
 
 Per Curiam
 
 opinion.
 

 Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.