■ GENERAL MILLS, INC., Respondent, v STEUBEN FOODS, INC., Appellant. [665 NYS2d 131] —Order unanimously reversed on the law with costs and cross motion granted in part in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's cross motion to compel arbitration of the right to possession of certain property (see, CPLR 7503 [a]). In the fall of 1996, a dispute arose between the parties wherein each party asserted that the other breached the 1992 contract packaging agreement, which contains a broad arbitration provision. Additionally, plaintiff asserted that defendant unilaterally terminated the agreement by refusing to continue production. Plaintiff thereafter commenced the present replevin action, seeking an order permitting it to seize equipment and perishable goods that it owned and that were in defendant's possession. The court granted an ex parte order of seizure, and plaintiff moved pursuant to CPLR 7102 for an order confirming that order. Defendant cross-moved to deny confirmation of the seizure and to compel arbitration or, in the alternative, for an order staying the action pending arbitration of the dispute. The court granted the motion to confirm the ex parte order of seizure. That was error.

The agreement contains a broad arbitration provision, and there is a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., 37 NY2d 91, 96). Thus, the resolution of the parties' contract dispute is for the arbitrator (see generally, Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith, 214 AD2d 509). The order must be reversed and defendant's cross motion granted to the extent of compelling arbitration of the dispute, thus staying this action. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Arbitration.) Present—Pine, J. P., Lawton, Hayes and Boehm, JJ.