■ CAROL A. DAVIS et al., Appellants, v TED'S JUMBO RED HOTS, INC., et al., Respondents. [718 NYS2d 557] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Carol A. Davis when she allegedly tripped and fell while walking across the driveway of defendant Ted's Jumbo Red Hots, Inc. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Although defendants met their initial burden on the motion, plaintiffs raised an issue of fact whether the allegedly dangerous condition of the driveway arose from defendants' use of the driveway (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.

■ In the Matter of the Arbitration between OWEN D. YOUNG CENTRAL SCHOOL DISTRICT, Respondent, and SUSAN MORRIS, as President of Van Hornesville Teachers' Association, Appellant. [718 NYS2d 683] —Order and judgment unanimously reversed on the law with costs, petition denied and cross application granted. Memorandum: Supreme Court erred in granting the petition for a stay of arbitration and denying respondent's cross application to compel arbitration. There is a reasonable relationship between the disputed matter, i.e., prescription health benefits, and the broad arbitration clause that covers all grieved matters. Thus, the court erred in determining as a matter of law that the matter is not arbitrable; it is for the arbitrator to determine whether the disputed matter falls within the scope of the substantive provisions of the collective bargaining agreement (*see, Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132, 143). (Appeal from Order and Judgment of Supreme Court, Herkimer County, Kirk, J.—Arbitration.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.