■ In the Matter of CITY OF WATERTOWN, Appellant, v WATERTOWN FIREFIGHTERS, LOCAL 191, Respondent. [775 NYS2d 637]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered June 6, 2003. The order denied the petition to stay arbitration and granted the cross petition to compel arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, City of Watertown (City), commenced this proceeding to stay arbitration (*see* CPLR 7503 [b]) and respondent, Watertown Firefighters, Local 191 (Union), cross-petitioned to compel arbitration (*see* 7503 [a]). We conclude that Supreme Court properly denied the City's petition and granted the Union's cross petition. "A grievance may be submitted to arbitration only where the parties agree to arbitrate that kind of dispute, and where it is lawful for them to do so" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). Because neither party challenges the lawfulness of arbitrating the instant dispute, we focus only on whether the parties agreed to arbitrate the Union's claim. "On motions to stay or to compel arbitration there are three threshold questions to be resolved by the courts: whether the parties made a valid agreement to arbitrate, whether if such an agreement was made it has been complied with, and whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in a court of the State" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-7 [1980]). Because neither party contends that the claim is untimely, we limit our review to whether there is a valid agreement to arbitrate and, if so, whether there has been compliance with that agreement.

In determining whether a particular claim falls within the scope of an agreement to arbitrate, the role of the court is limited to determining "whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]" (*Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143; *see Matter of City of White Plains v Professional Firefighters Assn., Local 274 I.A.F.F.*, 298 AD2d 456 [2002]; *Matter of New York City Tr. Auth. v Amalgamated Tr. Union of Am., AFL-CIO Local 1056*, 284 AD2d 466, 468 [2001], *lv denied* 97 NY2d 610 [2002]). Here, the parties agreed that only alleged violations of the procedures of the "City of Watertown Section 207-a Procedures" agreement (Agreement) are arbitrable. Disputes concerning the merits of claims under that Agreement are not subject to arbitration.

The Union asserts that it seeks to arbitrate alleged violations of the procedures of the Agreement, while the City contends that the Union is really seeking to arbitrate the merits of the City's denial of benefits to a union member. The Union's allegations, as outlined in the cross petition, are that the City failed to follow the procedures for handling claims as set forth in the Agreement. We conclude that those allegations may raise issues concerning procedural violations that may fall within the scope of the Agreement. In such a situation, it is for the arbitrator to determine whether the subject matter of the dispute falls within the scope of the arbitration provisions of the Agreement (*see Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143; *Matter of Owen D. Young Cent. School Dist. [Morris]*, 278 AD2d 940 [2000]). We further conclude that it is also for the arbitrator to determine whether the City complied with the procedural requirements of the Agreement. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.