■ ORLEANS COMMUNITY HEALTH, Formerly Known as ME-
DINA MEMORIAL HEALTH CARE SYSTEM, INC. Respondent, v LESLY
GERMAIN, M.D., Appellant. [967 NYS2d 540]—

Appeal from an order of the Supreme Court, Orleans County
(James P. Punch, A.J.), entered August 27, 2012. The order
denied the motion of defendant to compel alternative dispute
resolution.

It is hereby ordered that the order so appealed from is
unanimously reversed on the law without costs and defendant's
motion is granted.

Memorandum: Plaintiff commenced this action to recover on
a promissory note and, in the context of that action, defendant
moved pursuant to CPLaR 7503 (a) to compel "alternative
dispute resolution" in accordance with a provision in an
underlying agreement between the parties. Defendant appeals
from an order denying his motion on the ground that he failed
to establish that plaintiff intended to mediate or arbitrate a
dispute arising under the promissory note. Plaintiff, a hospital
located in Medina, New York, recruited defendant to establish a
medical practice in the specialty of orthopedics and orthopedic
surgery within plaintiff's service area. Plaintiff and defendant
executed an agreement that, inter alia, provided an income
guarantee to defendant, and provided that all payments made
pursuant to that income guarantee "shall be considered as a
loan" subject to repayment terms contained in the agreement.
In order to document that loan, defendant executed a promis-
sory note containing repayment terms identical with those
contained in the agreement. The agreement also contains a
dispute resolution provision stating: "Except as otherwise
provided in this Agreement, the parties shall endeavor to resolve
any disputes between them on a voluntary, cooperative basis. If
a resolution of any dispute cannot be accomplished within 15-
days of notice of the dispute by one party to the other, then the
parties agree to submit the dispute to non-binding mediation in
front of the joint Executive Committees of the Hospital Board
of Directors and the Medical Staff. If the mediation does not
resolve the dispute, it shall be resolved by binding arbitration
following the rules of the American Arbitration Association for
commercial disputes before a single arbitrator to be selected by
the mutual agreement of the parties. This paragraph does not,
however, require the parties to use the services of the American
Arbitration Association."

We agree with defendant that Supreme Court erred in deny-

ing the motion to compel, and that plaintiff is required to follow the dispute resolution procedure set forth in the agreement. The Court of Appeals, referencing the "very broad limits of arbitrability" envisioned by CPLR 7501, has held that judicial interference is forbidden with respect to disputes that are "logically connected with" an arbitration agreement (*Matter of Blum Folding Paper Box Co. [Raften—Friedlander]*, 27 NY2d 35, 38 [1970]). In determining whether a particular dispute falls within the scope of an agreement to arbitrate, "the role of the court is limited to determining 'whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]' " (*Matter of City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095, 1096 [2004]). Here, the dispute resolution provision in the agreement encompasses "any dispute," and thus we conclude that there is a reasonable relationship between the subject matter of the dispute on the promissory note and the general subject matter of the underlying agreement (*see City of Watertown*, 6 AD3d at 1095-1096). Resolution of the parties' dispute must therefore follow the dispute resolution procedure set forth in the agreement (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95-96 [1975]; *see also General Mills v Steuben Foods*, 244 AD2d 868, 868 [1997]).

Finally, based on the reasoning of the Second Department in *Grossman v Laurence Handprints-N.J.* (90 AD2d 95, 100-102 [1982]), we reject plaintiff's contention that the absence of a dispute resolution provision in the promissory note, and the inclusion therein of a provision allowing for recovery of attorneys' fees in a collection action on the promissory note, precludes application of the dispute resolution provision in the agreement. Present—Smith, J.P., Fahey, Carni, Sconiers and Whalen, JJ.