# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

513

CA 12-01777

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

ORLEANS COMMUNITY HEALTH, FORMERLY KNOWN AS
MEDINA MEMORIAL HEALTH CARE SYSTEM, INC.,
PLAINTIFF-RESPONDENT,                          MEMORANDUM AND ORDER

V

LESLY GERMAIN, M.D., DEFENDANT-APPELLANT.

---

NIXON PEABODY LLP, ALBANY (DANIEL J. HURTEAU OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (JAMES P. NONKES OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Orleans County (James
P. Punch, A.J.), entered August 27, 2012.  The order denied the motion
of defendant to compel alternative dispute resolution.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and defendant's motion
is granted.

Memorandum:  Plaintiff commenced this action to recover on a
promissory note and, in the context of that action, defendant moved
pursuant to CPLR 7503 (a) to compel "alternative dispute resolution"
in accordance with a provision in an underlying agreement between the
parties.  Defendant appeals from an order denying his motion on the
ground that he failed to establish that plaintiff intended to mediate
or arbitrate a dispute arising under the promissory note.  Plaintiff,
a hospital located in Medina, New York, recruited defendant to
establish a medical practice in the specialty of orthopedics and
orthopedic surgery within plaintiff's service area.  Plaintiff and
defendant executed an agreement that, inter alia, provided an income
guarantee to defendant, and provided that all payments made pursuant
to that income guarantee "shall be considered as a loan" subject to
repayment terms contained in the agreement.  In order to document that
loan, defendant executed a promissory note containing repayment terms
identical with those contained in the agreement.  The agreement also
contains a dispute resolution provision stating:  "Except as otherwise
provided in this Agreement, the parties shall endeavor to resolve any
disputes between them on a voluntary, cooperative basis.  If a
resolution of any dispute cannot be accomplished within 15-days of
notice of the dispute by one party to the other, then the parties
agree to submit the dispute to non-binding mediation in front of the

joint Executive Committees of the Hospital Board of Directors and the Medical Staff.  If the mediation does not resolve the dispute, it shall be resolved by binding arbitration following the rules of the American Arbitration Association for commercial disputes before a single arbitrator to be selected by the mutual agreement of the parties.  This paragraph does not, however, require the parties to use the services of the American Arbitration Association."

We agree with defendant that Supreme Court erred in denying the motion to compel, and that plaintiff is required to follow the dispute resolution procedure set forth in the agreement.  The Court of Appeals, referencing the "very broad limits of arbitrability" envisioned by CPLR 7501, has held that judicial interference is forbidden with respect to disputes that are "logically connected with" an arbitration agreement (*Matter of Blum Folding Paper Box Co. [RaftenpFriedlander]*, 27 NY2d 35, 38).  In determining whether a particular dispute falls within the scope of an agreement to arbitrate, "the role of the court is limited to determining 'whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]' " (*City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095, 1096).  Here, the dispute resolution provision in the agreement encompasses "any dispute," and thus we conclude that there is a reasonable relationship between the subject matter of the dispute on the promissory note and the general subject matter of the underlying agreement (*see City of Watertown*, 6 AD3d at 1095-1096).  Resolution of the parties' dispute must therefore follow the dispute resolution procedure set forth in the agreement (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95-96; *see also General Mills v Steuben Foods*, 244 AD2d 868, 868).

Finally, based on the reasoning of the Second Department in *Grossman v Laurence Handprints-N.J.* (90 AD2d 95, 100-102), we reject plaintiff's contention that the absence of a dispute resolution provision in the promissory note, and the inclusion therein of a provision allowing for recovery of attorneys' fees in a collection action on the promissory note, precludes application of the dispute resolution provision in the agreement.

Entered:  June 7, 2013                            Frances E. Cafarell
                                                   Clerk of the Court