# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

534
CA 12-02132
PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.


RICHARD L. GRAY, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TALISMAN ENERGY USA INC., DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.


ROSSETTIE ROSSETTIE & MARTINO LLP, CORNING (GABRIEL V. ROSSETTIE OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

THE WEST FIRM, PLLC, ALBANY (THOMAS S. WEST OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Steuben County (Marianne
Furfure, A.J.), entered April 25, 2012.  The order granted the motion of
defendant Talisman Energy USA Inc., to compel arbitration and stayed the
action.

It is hereby ORDERED that the order so appealed from is unanimously
affirmed without costs.

Memorandum:  On appeal from an order granting the motion of Talisman
Energy USA Inc. (defendant) to compel arbitration and to stay the action
pursuant to CPLR 7503 (a), plaintiff contends that the contractual
arbitration clause was nullified by the operation of General Obligations
Law § 15-304.  We reject that contention.

In August 2000, plaintiff property owner entered into an oil and gas
lease (hereafter, lease) with defendant's predecessor in interest.  The
primary term of the lease was five years, with an option to renew.  The
lease also permitted extension beyond its primary term if the lessee or
its assignee were engaged in operations on the leased property or "lands
pooled therewith" at the time of expiration of the primary term.  As
relevant here, the lease contains an arbitration clause providing that
"[a]ny question concerning this lease or performance thereunder" shall be
submitted to arbitration.  The lease further provided that, "[i]f this
lease becomes forfeited, terminated or expires, the lessee . . . is
required to provide a document canceling the lease as of record . . . If
the lessee . . . fails to cancel the lease, the current landowner may
compel a cancellation pursuant to section 15-304 of the General
Obligations Law."  In February 2005, plaintiff extended the primary term
of the lease for an additional three years, and defendant's predecessor
in interest applied for a permit to drill a natural gas well on several
"pooled" properties, including plaintiff's property.  In August 2010,

plaintiff served defendant with a notice of termination of the lease, asserting that the lease was terminated as of August 2005 because: (1) the five-year primary term of the lease had expired on that date; (2) the primary term was not extended by agreement between the parties to the lease; and (3), as of that date, "no other circumstance causing extension or continuation of the [l]ease was then in effect." Defendant, however, asserted that the lease term had not expired and that "the entire [l]ease remains in full force and effect."

Plaintiff thereafter commenced this action pursuant to RPAPL article 15 seeking, inter alia, "to compel the determination of claims to the real property described herein," and defendant moved to compel arbitration under the lease and to stay the action. Supreme Court properly granted the motion.

"Where parties have entered into an agreement containing a broad arbitration provision, the question of whether the arbitration clause governs a particular aspect of the controversy, as well as the determination of the merits of the dispute, are matters within the exclusive province of the arbitrator" (*Remco Maintenance, LLC v CC Mgt. & Consulting, Inc.*, 85 AD3d 477, 479-480 [internal quotation marks omitted]). "Once it appears that there is, or is not[,] a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended. Penetrating definitive analysis of the scope of the agreement must be left to the arbitrators whenever the parties have broadly agreed that any dispute involving the interpretation and meaning of the agreement should be submitted to arbitration" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 96; *see General Mills v Steuben Foods*, 244 AD2d 868, 868). Thus, contrary to plaintiff's contention, it is not entitled to a judicial determination with respect to the continued force and effect of the lease, i.e., "the ultimate issue in this case" (*Nationwide*, 37 NY2d at 95), before submitting the matter to arbitration.

With respect to plaintiff's contention that the arbitration clause is ambiguous because the lease also permits cancellation of the lease by specific reference to General Obligations Law § 15-304, we note that section 15-304 must be referenced in any oil, gas, or mineral lease, or it will be incorporated by operation of General Obligations Law § 5-333 (1). We therefore cannot conclude that section 15-304 thereby renders the arbitration clause ambiguous. Moreover, there was no need to include a "survival provision" for the arbitration clause inasmuch as the parties dispute the continuing effect of the lease, which, as noted, is the ultimate issue for arbitration (*see Remco*, 85 AD3d at 479-480; *General Mills*, 244 AD2d at 868). Contrary to plaintiff's further contention, we conclude that he "expressly waive[d]" the right to litigate issues concerning the lease in a court of law because he signed a lease with a clear and broad arbitration clause (*see generally Williams v Progressive Northeastern Ins. Co.*, 41 AD3d 1244, 1245, *lv denied* 9 NY3d 808).

Finally, we reject plaintiff's characterization of General Obligations Law § 15-304 as "a simple procedural means of cancelling the Lease." The purpose of that provision is to allow landowners to clear the title of their real property when a lease has expired or has been

terminated or forfeited, not to cancel an existing lease (*see* § 15-304; Attorney General's Mem, Bill Jacket, L 1984, ch 565 at 8-9).  The parties' disputes, including the threshold issue of whether the lease was still in effect when plaintiff filed the notice of termination, must be submitted to arbitration pursuant to the terms of the lease (*see Nationwide*, 37 NY2d at 96; *Remco*, 85 AD3d at 479-480; *General Mills*, 244 AD2d at 868).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                  Clerk of the Court