■ In the Matter of the Arbitration between DAVID H. VAN SCOY, as Superintendent of Schools of Batavia City School District, et al., Appellants, and JOHN L. HOLDER, as President of Batavia Teachers' Association, et al., Respondents. [695 NYS2d 834] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied petitioners' ap-

plication for a stay of arbitration pursuant to CPLR 7503 (b) and granted respondents' cross application to compel arbitration. Respondents served demands for arbitration on behalf of two certified teachers (grievants) who were not selected to fill vacant interscholastic coaching positions. Grievants contend that the appointments to those coaching positions were not timely made by petitioner Board of Education of Batavia City School District (Board) as required by the collective bargaining agreement, and that uncertified applicants were improperly appointed when certified candidates were available. Petitioners seek to stay arbitration of those grievances on the ground that there was no agreement to arbitrate issues arising out of the appointment of interscholastic coaches.

In determining whether these public sector grievances are subject to arbitration, our first inquiry is whether arbitration of the subject matter of the grievances is authorized by the Taylor Law (Civil Service Law art 14; *see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513). Petitioners contend that public policy prohibits an arbitrator from reviewing the Board's hiring decisions. Grievants do not, however, seek review of the Board's exercise of discretion in making those hiring decisions, but rather, they contend that the Board did not adhere to its procedural obligations in making hiring decisions. Thus, even though part of the relief sought by grievants is appointment to the coaching positions, public policy does not prohibit submission of the grievances to arbitration (*see, Matter of Enlarged City School Dist. [Troy Teachers Assn.]*, 69 NY2d 905, 907; *Board of Educ. v Barni*, 51 NY2d 894, *rearg denied* 52 NY2d 829). "A stay of arbitration on policy grounds is 'premature and unjustified', even though the remedy sought may not, due to policy concerns, be enforceable, where it is possible that the arbitrator may use his broad powers to fashion a remedy 'adequately narrowed to encompass only procedural guarantees' " (*Matter of Enlarged City School Dist. [Troy Teachers Assn.]*, *supra*, at 906, quoting *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418).

Our second inquiry is whether the parties agreed "by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration" (*Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, *supra*, at 513). Where, as here, there is a broad arbitration clause and a "reasonable relationship" between the subject matter of the dispute and the general subject

matter of the parties' collective bargaining agreement, the court "should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the [collective bargaining agreement], and whether the subject matter of the dispute fits within them" (*Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132, 143; *see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, *supra*). We have considered petitioners' remaining contentions and conclude that they are without merit. (Appeal from Order and Judgment of Supreme Court, Genesee County, Dillon, J.— Arbitration.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.