■ In the Matter of the Arbitration between CITY OF ITHACA, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. [811 NYS2d 786]—

Mercure, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered March 11, 2005 in Tompkins County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner employed David Hunt, the grievant represented by respondent, as a city truck driver. During a random drug test conducted by petitioner, Hunt was unable to produce a urine sample. He was thereafter ordered by a medical review officer (hereinafter MRO) to meet with his physician, who diagnosed him with a psychological condition that rendered him unable to produce a sample for testing. During a conversation with the MRO, however, Hunt's physician acknowledged that the office visit at which he made the diagnosis was the only time that Hunt was unable to produce a sample. The MRO thus concluded that Hunt's failure to urinate at the time of the test constituted a refusal because no *preexisting* psychological condition existed. As a result, Hunt was suspended without pay from his employment for approximately two weeks pending an evaluation by a substance abuse professional, who determined that treatment was not needed. Petitioner then permitted Hunt to resume his regular duties.

Subsequently, respondent filed a grievance on Hunt's behalf, which was denied. After respondent sought to have the matter arbitrated pursuant to the collective bargaining agreement, petitioner commenced the instant CPLR article 75 proceeding to stay arbitration. Supreme Court granted the petition after determining that respondent's challenge to the MRO's decision was not arbitrable. Respondent appeals and we now affirm.

Respondent concedes that the MRO's substantive decision cannot be overturned by an arbitrator (*see* 49 CFR 40.149 [c]; 40.193 [h]), but argues that the penalty imposed is governed by the parties' collective bargaining agreement and, thus, is arbitrable (*see generally Eastern Associated Coal Corp. v Mine Workers*, 531 US 57, 61-67 [2000]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332 [2005]). The demand for arbitration, however, expressly limited the basis for the grievance to the MRO's allegedly "inappropriate [and] unjustified decision which resulted in grievant being disciplined." Inasmuch as respondent's challenge to the employer's disciplinary action was based solely on the

MRO's substantive, nondelegable medical determination, Supreme Court properly granted petitioner's application to stay arbitration (*see Matter of Riverhead Cent. School Dist. of Towns of Riverhead, Southampton & Brookhaven v Riverhead Cent. Faculty Assn.*, 140 AD2d 526, 528 [1988], *lv denied* 72 NY2d 810 [1988]; *Matter of South Country Cent. School Dist. [Paul]*, 103 AD2d 780, 781 [1984]; *see also Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 283-284 [2000]; *cf. Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni*, 51 NY2d 894, 895-896 [1980]).

Cardona, P.J., Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.