■ In the Matter of NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY SUPERIOR OFFICERS ASSOCIATION, Appellant. [897 NYS2d 811]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 12, 2009 in a proceeding pursuant to CPLR article 75. The order granted the petition to stay arbitration and denied respondent's cross petition to compel arbitration.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is denied, and the cross petition is granted.

Memorandum: Respondent appeals from an order granting petitioner's CPLR article 75 petition for a permanent stay of arbitration and denying respondent's cross petition to compel arbitration. We reverse.

Respondent, which represents employees holding the position of captain with petitioner, demanded arbitration concerning the promotion of a firefighter to acting captain to cover an alleged vacancy in the position of captain. The sole question presented on this appeal is whether the parties have "agreed to arbitrate the dispute at issue" pursuant to their collective bargaining agreement (CBA) (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of Town of Cheektowaga [Cheektowaga Police Club, Inc.]*, 59 AD3d 993, 994 [2009]; *Matter of City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095 [2004]). Our review of that question is limited to the language of the grievance and the demand for arbitration, as well as to the reasonable inferences that may be drawn therefrom (*see generally Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers]*, 61 AD3d 1175 [2009]; *Matter of City of Ithaca [Civil Serv. Empls. Assn., Inc.]*, 25 AD3d 859, 860-861 [2006], *lv denied* 6 NY3d 712 [2006]; *Matter of Smith v Andrews*, 122 AD2d 310, 313-314 [1986], *lv denied* 69 NY2d 604 [1987]).

"Where, as here, there is a broad arbitration clause and a 'reasonable relationship' between the subject matter of the dispute and the general subject matter of the parties' [CBA], the court 'should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the [CBA], and whether the subject matter of the dispute fits within them' " (*Matter of Van Scoy [Holder]*, 265 AD2d 806, 807-808 [1999], quoting *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]; *see Town of Cheektowaga*, 59 AD3d at 994).

Petitioner's reliance on *Matter of City of Binghamton (Binghamton Firefighters, Local 729, AFL-CIO)* (20 AD3d 859 [2005]) is misplaced. That case involved a reduction in staffing

from 26 to 24 firefighters per weekday shift, which was alleged to violate the parties' CBA (*id.* at 859). The CBA in that case, however, did not "even implicitly require[ ] petitioner to maintain any specific staffing level or describe[ ] how staffing levels [were] to be determined" (*id.* at 860). The Third Department accordingly held that the dispute was not reasonably related to the general subject matter of the parties' CBA and that the petitioner's application to stay arbitration was properly granted (*id.*). Here, respondent did not allege a reduction in workforce or that petitioner was required to maintain a specific staffing level. Rather, respondent contended that petitioner violated a CBA provision governing overtime distribution by promoting a firefighter to cover a vacant captain position. The specific provision of the CBA at issue permits petitioner to "assign" bargaining unit firefighters to a captain's position only if all captains are "unavailable." We conclude that the dispute is arbitrable inasmuch as the alleged "promotion" may be deemed to constitute an "assign[ment]," thus obligating petitioner to determine the availability of the existing captains and to offer them overtime before making that assignment. Those issues should be resolved by an arbitrator (*see Town of Cheektowaga,* 59 AD3d at 994; *Matter of Board of Trustees of Cayuga County Community Coll. [Cayuga County Community Coll. Faculty Assn.],* 299 AD2d 907 [2002]; *Van Scoy,* 265 AD2d at 807-808). Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.