In the Matter of the Arbitration between COUNTY OF HERKIMER, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO et al., Appellants. [1 NYS3d 682]—

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered February 20, 2014 in a proceeding pursuant to CPLR article 75. The order and judgment, among other things, granted the petition to stay arbitration.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, and the cross motion is granted.

Memorandum: Respondent John Hight, a probation officer employed by petitioner, applied for a promotion to the position of probation supervisor. The collective bargaining agreement (CBA) at issue in this litigation included the position of probation officer, but excluded the position of probation supervisor. Petitioner promoted another, less senior, employee, although Hight scored higher on the promotional examination than that employee. After following the procedures set forth in the CBA governing disputes, respondents filed a grievance regarding the promotion. When petitioner denied the grievance on the ground that the position to which Hight sought to be promoted was not encompassed by the CBA, respondents sought arbitration. Petitioner commenced this proceeding pursuant to CPLR article 75 seeking an order staying arbitration, and respondents appeal from an order and judgment that granted the petition and denied their cross motion to compel arbitration.

The issue is governed by the Court of Appeals' two-prong test to determine "whether a grievance is arbitrable" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002] [*Johnstown*]), originally enunciated in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 513 [1977] [*Liverpool*]) and *Matter of Board of Educ. of Watertown City School Dist. (Watertown Educ. Assn.)* (93 NY2d 132, 143 [1999] [*Watertown*]). In the first prong of the test, known as "the 'may-they-arbitrate' prong," we "ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Johnstown*, 99 NY2d at 278, citing *Liverpool*, 42 NY2d at 513).

If arbitration is not prohibited, we then in the second prong "examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue," which is known as "the 'did-they-agree-to-arbitrate' prong" (*id.*).

Here, petitioner does not contend that there is any prohibition against arbitration of the grievance at issue, and thus we are concerned only with the second prong of the *Johnstown* test. We agree with respondents that Supreme Court erred in concluding that the parties did not agree to arbitrate this issue. "It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim" (*Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.]*, 115 AD3d 1340, 1340 [2014]). We therefore reject petitioner's contention that the matter is not arbitrable because the position to which Hight seeks a promotion is excluded from representation by the union in the CBA. "Where, as here, there is a broad arbitration clause and a 'reasonable relationship' between the subject matter of the dispute and the general subject matter of the parties' collective bargaining agreement, the court 'should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the [collective bargaining agreement], and whether the subject matter of the dispute fits within them' " (*Matter of Van Scoy [Holder]*, 265 AD2d 806, 807-808 [1999], quoting *Watertown*, 93 NY2d at 143; *see Matter of Ontario County [Ontario County Sheriff's Unit 7850-01, CSEA, Local 1000, AFSCME, AFL-CIO]*, 106 AD3d 1463, 1464-1465 [2013]; *Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390 [2010], *lv denied* 14 NY3d 712 [2010]). Inasmuch as such a reasonable relationship exists between the subject matter of the grievance, i.e., promotion procedures, and the general subject matter of the CBA, "it is for the arbitrator to determine whether the subject matter of the dispute falls within the scope of the arbitration provisions of the [CBA]" (*Matter of City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095, 1096 [2004]). Present—Smith, J.P., Peradotto, Carni, Valentino and DeJoseph, JJ.