# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1365**
**CA 14-00893**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN COUNTY
OF HERKIMER, PETITIONER-RESPONDENT,

AND                                         MEMORANDUM AND ORDER

CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL
1000, AFSCME, AFL-CIO, JOANNE LECLAIR, AS CSEA
HERKIMER COUNTY UNIT PRESIDENT AND JOHN HIGHT,
RESPONDENTS-APPELLANTS.

---

STEVEN A. CRAIN AND DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., ALBANY (CONSTANCE R. BROWN OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

ROBERT J. MALONE, COUNTY ATTORNEY, HERKIMER (THADDEUS J. LUKE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Herkimer County (Norman I. Siegel, J.), entered February 20,
2014 in a proceeding pursuant to CPLR article 75. The order and
judgment, among other things, granted the petition to stay
arbitration.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs, the petition is
denied, and the cross motion is granted.

Memorandum: Respondent John Hight, a probation officer employed
by petitioner, applied for a promotion to the position of probation
supervisor. The collective bargaining agreement (CBA) at issue in
this litigation included the position of probation officer, but
excluded the position of probation supervisor. Petitioner promoted
another, less senior, employee, although Hight scored higher on the
promotional examination than that employee. After following the
procedures set forth in the CBA governing disputes, respondents filed
a grievance regarding the promotion. When petitioner denied the
grievance on the ground that the position to which Hight sought to be
promoted was not encompassed by the CBA, respondents sought
arbitration. Petitioner commenced this proceeding pursuant to CPLR
article 75 seeking an order staying arbitration, and respondents
appeal from an order and judgment that granted the petition and denied
their cross motion to compel arbitration.

The issue is governed by the Court of Appeals' two-prong test to

determine "whether a grievance is arbitrable" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [*Johnstown*]), originally enunciated in *Matter of Acting Supt. of Schs. of Liverpool Cent. Sch. Dist.* (*United Liverpool Faculty Assn.*) (42 NY2d 509, 513 [*Liverpool*]) and *Matter of Board of Educ. of Watertown City Sch. Dist.* (*Watertown Educ. Assn.*) (93 NY2d 132, 143 [*Watertown*]).  In the first prong of the test, known as "the 'may-they-arbitrate' prong," we "ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Johnstown*, 99 NY2d at 278, citing *Liverpool*, 42 NY2d at 513).  If arbitration is not prohibited, we then in the second prong "examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue," which is known as "the 'did-they-agree-to-arbitrate' prong" (*id.*).

Here, petitioner does not contend that there is any prohibition against arbitration of the grievance at issue, and thus we are concerned only with the second prong of the *Johnstown* test.  We agree with respondents that Supreme Court erred in concluding that the parties did not agree to arbitrate this issue.  "It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim" (*Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.]*, 115 AD3d 1340, 1340).  We therefore reject petitioner's contention that the matter is not arbitrable because the position to which Hight seeks a promotion is excluded from representation by the union in the CBA.  "Where, as here, there is a broad arbitration clause and a 'reasonable relationship' between the subject matter of the dispute and the general subject matter of the parties' collective bargaining agreement, the court 'should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the [collective bargaining agreement], and whether the subject matter of the dispute fits within them' " (*Matter of Van Scoy [Holder]*, 265 AD2d 806, 807-808, quoting *Watertown*, 93 NY2d at 143; *see Matter of Ontario County [Ontario County Sheriff's Unit 7850-01, CSEA, Local 1000, AFSCME, AFL-CIO]*, 106 AD3d 1463, 1464-1465; *Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390, *lv denied* 14 NY3d 712).  Inasmuch as such a reasonable relationship exists between the subject matter of the grievance, i.e., promotion procedures, and the general subject matter of the CBA, "it is for the arbitrator to determine whether the subject matter of the dispute falls within the scope of the arbitration provisions of the [CBA]" (*Matter of City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095, 1096).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court