# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

608

CA 15-01829

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN
WILSON CENTRAL SCHOOL DISTRICT,
PETITIONER-APPELLANT,

AND                                                    MEMORANDUM AND ORDER

WILSON TEACHERS' ASSOCIATION,
RESPONDENT-RESPONDENT.

---

HARRIS BEACH, PLLC, BUFFALO (TRACIE L. LOPARDI OF COUNSEL), FOR
PETITIONER-APPELLANT.

RICHARD E. CASAGRANDE, LATHAM (ANTHONY J. BROCK OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order (denominated order and judgment) of the Supreme Court, Niagara County (Mark Montour, J.), entered March 20, 2015 in a proceeding pursuant to CPLR article 75. The order denied the petition to stay arbitration and granted the cross petition to compel arbitration.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order denying its petition pursuant to CPLR article 75 seeking a permanent stay of arbitration and granting respondent's cross petition for an order compelling arbitration. Respondent demanded arbitration concerning the transfer of a physical education teacher from the high school to the elementary school. The sole issue on appeal is whether the parties "have agreed to arbitrate the dispute at issue" pursuant to their collective bargaining agreement (CBA) (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278; *see Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390, *lv denied* 14 NY3d 712). "Our review of that question is limited to the language of the grievance and the demand for arbitration, as well as to the reasonable inferences that may be drawn therefrom" (*Niagara Frontier Transp. Auth.*, 71 AD3d at 1390). Contrary to petitioner's contention, Supreme Court properly determined that, because the CBA contains a broad arbitration clause, and there is a reasonable relationship between the subject matter of the dispute, i.e., the transfer of a teacher to another position, and the general subject matter of the CBA, " 'it is for the arbitrator to determine whether the subject matter of the

dispute falls within the scope of the arbitration provisions of the [CBA]' " (*Matter of County of Herkimer v Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 124 AD3d 1370, 1371; *see generally Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143).