■ In the Matter of the Arbitration Between CITY OF WATERTOWN, Appellant-Respondent, and WATERTOWN PROFESSIONAL FIREFIGHTERS' ASSOCIATION LOCAL 191, Respondent-Appellant. [59 NYS3d 238]—

Appeal and cross appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 12, 2016. The order granted in part and denied in part the petition to stay arbitration.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the petition in its entirety, and as modified the order is affirmed without costs.

Memorandum: Petitioner, City of Watertown (City), commenced this proceeding pursuant to CPLR article 75, seeking a permanent stay of arbitration of a grievance filed by respondent. In its grievance and demand for arbitration, respondent alleged that the City violated, among other things, the parties' collective bargaining agreement (CBA) by failing to maintain the requisite staffing levels of captains within the City's Fire Department and by requiring other members of the Fire Department to perform out-of-title work. Supreme Court denied the petition with respect to that part of the grievance alleging a failure to maintain minimum staffing levels, but granted the petition with respect to that part of the grievance alleging out-of-title work. The City appeals, and respondent cross-appeals.

"It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, we do not determine the merits of the grievance and instead determine only whether the subject matter of the grievance is arbitrable" (*Matter of City of Syracuse [Syracuse Police Benevolent Assn., Inc.]*, 119

AD3d 1396, 1397 [2014]; *see* CPLR 7501; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 142-143 [1999]). "Proceeding with a two-part test, we first ask whether the parties may arbitrate the dispute by inquiring if 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' . . . If no prohibition exists, we then ask whether the parties in fact agreed to arbitrate the particular dispute by examining their [CBA]. If there is a prohibition, our inquiry ends and an arbitrator cannot act" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *see Syracuse Police Benevolent Assn., Inc.*, 119 AD3d at 1397; *Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1233 [2012]).

We reject the City's contention on appeal that arbitration of respondent's grievance with respect to the City's failure to maintain minimum staffing levels is prohibited by law. Under the first prong of the arbitrability test, "the subject matter of the dispute controls the analysis" (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280 [2000]). Contrary to the City's contention, a pending administrative proceeding concerning respondent's alleged improper practices does not preclude arbitration inasmuch as there is no indication that the "particular subject matter of the dispute" is not "authorized," i.e., not " 'lawfully fit for arbitration' " (*id.*).

We reject the City's further contention that the parties did not agree to arbitrate the grievance. " 'Our review of that question is limited to the language of the grievance and the demand for arbitration, as well as to the reasonable inferences that may be drawn therefrom' " (*Matter of Wilson Cent. Sch. Dist. [Wilson Teachers' Assn.]*, 140 AD3d 1789, 1790 [2016]; *see Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390 [2010], *lv denied* 14 NY3d 712 [2010]). "Where, as here, the [CBA] contains a broad arbitration clause, our determination of arbitrability is limited to 'whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA' " (*Matter of Haessig [Oswego City School Dist.]*, 90 AD3d 1657, 1657 [2011], quoting *Matter of Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143; *see Syracuse Police Benevolent Assn., Inc.*, 119 AD3d at 1397; *Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.]*, 110 AD3d 1494, 1495

[2013]). "If such a 'reasonable relationship' exists, it is the role of the arbitrator, and not the court, to 'make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them' " (*Syracuse Police Benevolent Assn., Inc.*, 119 AD3d at 1397, quoting *Matter of Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143; *see Matter of Ontario County [Ontario County Sheriff's Unit 7850-01, CSEA, Local 1000, AFSCME, AFL-CIO]*, 106 AD3d 1463, 1464-1465 [2013]).

In its grievance and demand for arbitration, respondent alleged, in relevant part, that the City demoted eight captains and thus violated the CBA by failing to maintain the requisite staffing levels, and by concomitantly forcing other members of the Fire Department to perform out-of-title work, i.e., captain's work, without the appropriate compensation. Respondent's grievance specifically references articles 4 and 5 of the parties' CBA, which include provisions governing both minimum staffing levels and compensation for out-of-title work. We therefore conclude with respect to the appeal and cross appeal that the dispute is reasonably related to the general subject matter of the CBA (*see Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.]*, 141 AD3d 1085, 1088 [2016]; *Niagara Frontier Transp. Auth.*, 71 AD3d at 1391).

Contrary to the City's contention, we conclude that the issue whether the CBA's minimum staffing provision requires a specific number of captains in each company involves an interpretation of that provision and the merits of respondent's grievance. It is therefore a question to be resolved by the arbitrator, who is tasked with making "a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (*Matter of Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143; *see Lockport Professional Firefighters Assn., Inc.*, 141 AD3d at 1088).

We reject the City's further contention that strict compliance with the step-by-step grievance procedure set forth in the CBA is a condition precedent to arbitration (*see Kenmore-Town of Tonawanda Union Free Sch. Dist.*, 110 AD3d at 1496). "Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrators, particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the time limitations a condition precedent to arbitration" (*Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 907

[1987]). Therefore, the question whether respondent complied with the requirements of the CBA's grievance procedure—in particular, whether respondent complied with the requirement that it submit a written statement "setting forth the specific nature of the grievance and the facts relating thereto"—is an issue of "procedural arbitrability" for the arbitrator to resolve (*Kenmore-Town of Tonawanda Union Free Sch. Dist.*, 110 AD3d at 1496; *see Matter of Enlarged City School Dist. of Troy*, 69 NY2d at 907). We have considered the City's remaining contentions and conclude that they are without merit.

We agree with respondent on its cross appeal, however, that the court erred in granting the petition with respect to that part of the grievance alleging out-of-title work, and we therefore modify the order accordingly. We reject the City's contention that arbitration should be stayed with respect to the issue of out-of-title work because compensation for such work falls within the meaning of "salary," which is expressly excluded from the CBA's definition of "grievance." Because there is a reasonable relationship between the dispute over out-of-title work and the subject matter of the CBA, we conclude that "it is for the arbitrator to determine whether the [compensation for out-of-title work] falls within the scope of the arbitration provisions of the [CBA]" (*Wilson Cent. Sch. Dist.*, 140 AD3d at 1790 [internal quotation marks omitted]). Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.