■ In the Matter of the Arbitration between LEWIS COUNTY, Respondent, and CSEA LOCAL 1000, AFSCME, AFL-CIO, LEWIS COUNTY SHERIFF'S EMPLOYEES UNIT No. 7250-03, LEWIS COUNTY LOCAL 825, Appellant. [61 NYS3d 757]—

Appeal from an order of the Supreme Court, Lewis County (James P. McClusky, J.), entered July 5, 2016 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, granted the petition for a permanent stay of arbitration with respect to Denyse Hastwell.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is denied with respect to Denyse Hastwell, and the cross motion is granted with respect to her.

Memorandum: Petitioner's Sheriff made the determination to appoint one of three part-time dispatchers, who were members of respondent union, to the position of full-time

dispatcher. Respondent filed grievances on behalf of the other two part-time dispatchers pursuant to the parties' collective bargaining agreement (CBA), alleging that they have more seniority and experience than the candidate selected by the Sheriff. Petitioner denied the grievances, and respondent filed demands for arbitration. Petitioner commenced this proceeding pursuant to CPLR article 75, seeking a permanent stay of arbitration, contending that the grievances were not the proper subject of arbitration. The demand for arbitration was subsequently withdrawn with respect to one of the part-time dispatchers, and respondent appeals from an order granting the petition and denying respondent's cross motion to compel arbitration with respect to Denyse Hastwell, the other part-time dispatcher. We agree with respondent that Supreme Court erred in granting the petition and denying the cross motion with respect to her.

The Court of Appeals has set forth a two-pronged test to determine "whether a grievance is arbitrable" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]). In the first prong of the test, known as "the 'may-they-arbitrate' prong," we "ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Johnstown*, 99 NY2d at 278). If we conclude that arbitration is not prohibited, we move to the second prong, known as "the 'did-they-agree-to-arbitrate' prong," in which we "examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue" (*id.*).

Here, petitioner does not contend that arbitration of Hastwell's grievance is prohibited, and we therefore are concerned only with the second prong of the *Johnstown* test. With respect to that issue, "[i]t is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim" (*Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.]*, 115 AD3d 1340, 1340 [2014]). Furthermore, "[w]here, as here, there is a broad arbitration clause and a 'reasonable relationship' between the subject matter of the dispute and the general subject matter of the parties' [CBA], the court 'should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise

scope of the substantive provisions of the [CBA], and whether the subject matter of the dispute fits within them' " (*Matter of Van Scoy [Holder]*, 265 AD2d 806, 807-808 [1999]; *see Matter of Ontario County [Ontario County Sheriff's Unit 7850-01, CSEA, Local 1000, AFSCME, AFL-CIO]*, 106 AD3d 1463, 1464-1465 [2013]; *Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390 [2010], *lv denied* 14 NY3d 712 [2010]). Here, the grievance concerned the determination of which employee should be promoted from part time to full time, and a reasonable relationship exists between the subject matter of the grievance and the general subject matter of the CBA (*see Matter of Wilson Cent. Sch. Dist. [Wilson Teachers' Assn.]*, 140 AD3d 1789, 1790 [2016]; *Matter of County of Herkimer v Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 124 AD3d 1370, 1371 [2015]). Thus, "it is for the arbitrator to determine whether the subject matter of the dispute falls within the scope of the arbitration provisions of the [CBA]" (*Matter of City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095, 1096 [2004]; *see generally Niagara Frontier Transp. Auth.*, 71 AD3d at 1390-1391). Present—Whalen, P.J., Smith, Centra and Carni, JJ.