Matter of City of Watertown (Watertown Professional Firefighters' Assn. Local 191) (2018 NY Slip Op 00743)





Matter of City of Watertown (Watertown Professional Firefighters' Assn. Local 191)


2018 NY Slip Op 00743


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1423 CA 17-01165

[*1]IN THE MATTER OF THE ARBITRATION BETWEEN THE CITY OF WATERTOWN, PETITIONER-APPELLANT, AND WATERTOWN PROFESSIONAL FIREFIGHTERS' ASSOCIATION LOCAL 191, RESPONDENT-RESPONDENT. 






BOND, SCHOENECK & KING, PLLC, GARDEN CITY (TERRY O'NEIL OF COUNSEL), FOR PETITIONER-APPELLANT. 
BLITMAN & KING LLP, SYRACUSE (NOLAN J. LAFLER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 14, 2017 in a proceeding pursuant to CPLR article 75. The order denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, City of Watertown (City), commenced this proceeding pursuant to CPLR article 75, seeking a permanent stay of arbitration of a grievance filed by respondent. In its grievance and demand for arbitration, respondent alleged, inter alia, that the City violated the parties' collective bargaining agreement (CBA) with respect to the assignment and compensation of firefighters who performed out-of-title work as Acting Captains.
Supreme Court properly denied the petition. We reject the City's contention that arbitration of the grievance is contrary to public policy or those provisions of the Watertown City Charter defining the authority of the City Manager. At the outset, we note that, as a general proposition, arbitration of an out-of-title work dispute is not contrary to public policy (see County of Rockland v Rockland County Unit of Rockland County Local of Civ. Serv. Empls. Assn., 74 AD2d 812, 812-813 [2d Dept 1980], affd for reasons stated 53 NY2d 741 [1981]; Matter of Buffalo Sewer Auth. [Buffalo Sewer Auth. Unit, CSEA, Local 815], 112 AD2d 743, 743 [4th Dept 1985]). Nor is arbitration of the dispute inconsistent with the authority of the City Manager to approve expenditures of City funds (see Watertown City Charter Title III, § 26), or to act as administrative head of the fire department (see Title V, §§ 44 [4]; 45).
As in a prior appeal arising out of a proceeding commenced by the City to stay arbitration of a related grievance (Matter of City of Watertown [Watertown Professional Firefighters' Assn. Local 191], 152 AD3d 1231 [4th Dept 2017]), we conclude that the parties agreed to arbitrate this grievance. Here, respondent alleges that the City violated the CBA by, inter alia, retroactively reversing out-of-title assignments made by the Battalion Chief and failing to compensate firefighters who performed out-of-title work at the appropriate rate of pay. As we concluded in the prior appeal, the instant dispute concerning out-of-title work "is reasonably related to the general subject matter of the CBA" (id. at 1233; see Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 141 AD3d 1085, 1088 [4th Dept 2016]).
Finally, we again "reject the City's contention that arbitration should be stayed with respect to the issue of out-of-title work because such compensation for such work falls within the meaning of salary,' which is expressly excluded from the CBA's definition of grievance' " [*2](City of Watertown, 152 AD3d at 1234). That contention is for the arbitrator to address (see id.).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court