Matter of Onondaga Community Coll. (Professional Adm'rs of Onondaga Community Coll. Fedn. of Teachers & Adm'rs) (2018 NY Slip Op 04878)





Matter of Onondaga Community Coll. (Professional Adm'rs of Onondaga Community Coll. Fedn. of Teachers & Adm'rs)


2018 NY Slip Op 04878


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


653 CA 17-02199

[*1]ONONDAGA COMMUNITY COLLEGE, PETITIONER-RESPONDENT, AND THE PROFESSIONAL ADMINISTRATORS OF ONONDAGA COMMUNITY COLLEGE FEDERATION OF TEACHERS AND ADMINISTRATORS, RESPONDENT-APPELLANT.






ROBERT T. REILLY, LATHAM (MATTHEW E. BERGERON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (PETER A. JONES OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 17, 2017 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, granted that part of the petition seeking to stay the instant arbitration and denied the cross motion of respondent to compel arbitration. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is denied in its entirety, and the cross motion is granted.
Memorandum: Respondent, the collective bargaining representative for all professional administrators employed by petitioner, filed a grievance on behalf of one of its members after petitioner served the member with a letter notifying her that her position was being retrenched, i.e., eliminated. In its grievance and subsequent demand for arbitration, respondent alleged that petitioner violated, misinterpreted, and/or inequitably applied the parties' collective bargaining agreement (CBA), including the provision providing that dismissal of an employee on a continuing appointment "shall be for just cause and subject to" the grievance procedure of the CBA, so as to deprive the member of work and benefits without just cause "by constructively discharg[ing] her in the guise of a retrenchment.' " Petitioner commenced this proceeding pursuant to CPLR article 75, seeking a permanent stay of arbitration on the ground that the parties did not agree to arbitrate the type of grievance in dispute. Respondent appeals from an order that, inter alia, granted the petition insofar as it sought a permanent stay of the instant arbitration and denied its cross motion to compel arbitration. We conclude that Supreme Court should have denied the petition in its entirety and granted the cross motion.
"It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim" (Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.], 115 AD3d 1340, 1340 [4th Dept 2014]). The Court of Appeals has set forth a two-step test to determine "whether a grievance is arbitrable" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278 [2002] [Johnstown]; see Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143 [1999] [Watertown]; Matter of Acting Supt. of Schs. of Liverpool Cent. Sch. Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513 [1977] [Liverpool]). "First, a court must determine whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of Mariano v Town of Orchard Park, 92 AD3d 1232, 1233 [4th Dept 2012] [internal quotation marks omitted]). "If the court determines that there is no such prohibition and [*2]thus that the parties have the authority to arbitrate the grievance, it proceeds to the second step, in which it must determine whether that authority was in fact exercised, i.e., whether the CBA demonstrates that the parties agreed to refer this type of dispute to arbitration" (Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.], 110 AD3d 1494, 1495 [4th Dept 2013]; see Johnstown, 99 NY2d at 278).
Here, petitioner correctly concedes that arbitration of the grievance is not prohibited under the first step, and thus "[t]he sole question presented on this appeal is whether the parties have agreed to arbitrate the dispute at issue' " under the second step of the test (Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn., 71 AD3d 1389, 1390 [4th Dept 2010], lv denied 14 NY3d 712 [2010], quoting Johnstown, 99 NY2d at 278). Contrary to the court's determination, under the current presumption-free framework regarding public sector arbitrability (see Watertown, 93 NY2d at 142; cf. Liverpool, 42 NY2d at 515), a court's review under the second step "is limited to the language of the grievance and the demand for arbitration, as well as to the reasonable inferences that may be drawn therefrom" (Niagara Frontier Transp. Auth., 71 AD3d at 1390; see Matter of City of Watertown [Watertown Professional Firefighters' Assn. Local 191], 152 AD3d 1231, 1232 [4th Dept 2017], lv denied 30 NY3d 908 [2018]). Pursuant to the language of the grievance and the demand for arbitration, respondent alleged that petitioner violated, misinterpreted, and/or inequitably applied the CBA in dismissing the member without just cause "by constructively discharg[ing] her in the guise of a retrenchment.' " Inasmuch as respondent alleged that the ostensible retrenchment of the member's position was actually a dismissal without just cause, we agree with respondent that the court erred in concluding that respondent "challenge[d petitioner's] decision to retrench."
We further agree with respondent that the grievance, as properly construed, should be submitted to arbitration. The CBA defines "grievance," in relevant part, as "a claimed violation, misinterpretation or inequitable application of this agreement, except as excluded herein." Pursuant to the CBA, a grievance may be submitted to arbitration if it remains unresolved after the second stage of the grievance procedure. Although the CBA specifies several exclusions from the definition of a "grievance" that are therefore not subject to arbitration, including a decision by petitioner to retrench a position, all other grievances remain subject to arbitration. Contrary to the court's determination, we conclude that the arbitration clause at issue here is broad, despite the existence of such exclusions (see Johnstown, 99 NY2d at 277; City of Watertown, 152 AD3d at 1232-1234; Matter of Haessig [Oswego City Sch. Dist.], 90 AD3d 1657, 1657-1658 [4th Dept 2011]; cf. Matter of Massena Cent. Sch. Dist. [Massena Confederated Sch. Employees' Assn., NYSUT, AFL-CIO], 82 AD3d 1312, 1313-1316 [3d Dept 2011]; see generally Matter of New York City Tr. Auth. v Amalgamated Tr. Union of Am., AFL-CIO, Local 1056, 284 AD2d 466, 468 [2d Dept 2001], lv denied 97 NY2d 610 [2002]).
Where, as here, "there is a broad arbitration clause and a reasonable relationship between the subject matter of the dispute and the general subject matter of the parties' [CBA], the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the [CBA], and whether the subject matter of the dispute fits within them" (Matter of Lewis County [CSEA Local 1000, AFSCME, AFL-CIO, Lewis County Sheriff's Empls. Unit #7250-03, Lewis County Local 825], 153 AD3d 1575, 1576-1577 [4th Dept 2017] [internal quotation marks omitted]). The grievance at issue concerns whether the member was improperly dismissed without just cause under the guise of retrenchment, and a reasonable relationship exists between the subject matter of the grievance and the general subject matter of the CBA (see id.; Matter of Wilson Cent. Sch. Dist. [Wilson Teachers' Assn.], 140 AD3d 1789, 1790 [4th Dept 2016]). Thus, " it is for the arbitrator to determine whether the subject matter of the dispute falls within the scope of the arbitration provisions of the [CBA]' " (Lewis County, 153 AD3d at 1577).
In light of our determination, we do not address respondent's further contention.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court