Matter of City of Watertown (Watertown Professional Firefighters Assn., Local 191) (2019 NY Slip Op 00753)





Matter of City of Watertown (Watertown Professional Firefighters Assn., Local 191)


2019 NY Slip Op 00753


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1134 CA 18-00961

[*1]IN THE MATTER OF ARBITRATION BETWEEN CITY OF WATERTOWN, PETITIONER-RESPONDENT, AND WATERTOWN PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 191, RESPONDENT-APPELLANT. 






BLITMAN & KING LLP, SYRACUSE (NATHANIEL G. LAMBRIGHT OF COUNSEL), FOR RESPONDENT-APPELLANT.
BOND SCHOENECK & KING PLLC, GARDEN CITY (TERRY O'NEIL OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered January 30, 2018 in a proceeding pursuant to CPLR article 75. The order granted the petition seeking a permanent stay of arbitration of a grievance filed by respondent. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is denied.
Memorandum: Petitioner City of Watertown (City) commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration of a grievance filed by respondent, the collective bargaining representative for the employees of the City's Fire Department. In its grievance and demand for arbitration, respondent alleged that the City violated, among other things, certain provisions of the parties' collective bargaining agreement (CBA) relating to minimum staffing levels for shifts and regular operations within the Fire Department (staffing provisions). Supreme Court granted the petition, determining that the staffing provisions are unenforceable job security provisions that violate public policy and, therefore, may not be arbitrated. Respondent appeals, and we now reverse.
"It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim" (Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.], 115 AD3d 1340, 1340 [4th Dept 2014]; see CPLR 7501; Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.], 93 NY2d 132, 142-143 [1999]). In making that determination, the court must conduct a two-part analysis. First, the court must determine whether "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278 [2002]). Second, "[i]f no prohibition exists, [the court must then determine] whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519 [2007]; see Matter of Mariano v Town of Orchard Park, 92 AD3d 1232, 1233 [4th Dept 2012]).
With respect to the first part of the analysis, we agree with respondent that the court erred in determining that the staffing provisions are not arbitrable on the ground that they are job security provisions subject to the public policy exception to arbitration. "A job security provision insures that, at least for the duration of the agreement, the employee need not fear [*2]being put out of a job" (Matter of Board of Educ. of Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 40 NY2d 268, 275 [1976]). Here, however, the staffing provisions do not purport to guarantee a firefighter his or her employment while the CBA is in effect (see Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 141 AD3d 1085, 1088 [4th Dept 2016]; cf. Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City], 18 NY3d 32, 36-38 [2011]; Board of Educ. of Yonkers City Sch. Dist., 40 NY2d at 272). Contrary to the City's contention, the staffing provisions do not operate to mandate a total number of firefighters that must be employed; rather, they relate solely to the minimum number of firefighters required to be present during shifts and regular operations (see Lockport Professional Firefighters Assn., Inc., 141 AD3d at 1088). Further, the record establishes that the parties contemplated during their negotiation of the CBA that the staffing provisions were necessary to protect the health, safety and well-being of respondent's members, and, contrary to the City's contention, the staffing provisions are not tantamount to "no-layoff" clauses (see id.). We therefore conclude that the court erred in determining that the staffing provisions are job security provisions that are not subject to arbitration.
Inasmuch as there is no prohibition against arbitration here, we address the second part of the analysis, i.e., whether the parties agreed to arbitrate the relevant dispute. Where, as here, the CBA contains a broad arbitration clause, our determination under that part of the analysis "is limited to whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of City of Watertown [Watertown Professional Firefighters' Assn. Local 191], 152 AD3d 1231, 1232-1233 [4th Dept 2017], lv denied 30 NY3d 908 [2018] [internal quotation marks omitted]; see Board of Educ. of Watertown City Sch. Dist., 93 NY2d at 143). Because respondent references the staffing provisions in its labor grievance, the grievance "is reasonably related to the general subject matter of the CBA" (Watertown Professional Firefighters' Assn. Local 191, 152 AD3d at 1233; see Lockport Professional Firefighters Assn., Inc., 141 AD3d at 1088). Thus, we conclude that the parties agreed to arbitrate the labor grievance.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court